**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| VISTA HEALTHPLAN, INC., 300 South Park Road, Hollywood, FL 33021, | )<br>)<br>) |
| UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND, 150 S. 43rd St., Harrisburg, Pennsylvania, 17111 | )  Civil Action No. 1:05CV02327<br>)  Judge Colleen Kollar-Kotelly<br>)<br>)<br>) |
| on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., 100 Enterprise Drive, Rockaway, N.J., 07866-2129; | )<br>)<br>)<br>)<br>) |
| WARNER CHILCOTT CORPORATION, 100 Enterprise Drive, Rockaway, N.J. 07866-2129; | )<br>)<br>)<br>) |
| WARNER CHILCOTT (US) INC. 100 Enterprise Drive, Rockaway, N.J. 07866-2129; | )<br>)<br>)<br>) |
| WARNER CHILCOTT COMPANY, INC., Union Street, Km. 1.1, Fajardo, Puerto Rico, 00738 and | )<br>)<br>)<br>) |
| BARR PHARMACEUTICALS, INC., 2 Quaker Road, P.O. Box 2900 Pomona, N.Y. 10970-0519 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**CIVIL RULE 16.3 REPORT TO THE COURT**

1

Plaintiffs in the above-captioned action ("Third Party Payor Plaintiffs") and Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Barr Pharmaceuticals, Inc. ("Defendants") respectfully submit this joint report pursuant to United States District Court for the District of Columbia Local Civil Rule 16.

## BACKGROUND

Third Party Payor Plaintiffs filed a civil antitrust class action on behalf of a class of third party payors against Defendants in this Court. Third Party Payor Plaintiffs' action alleges that on or about March 24, 2004, Defendants entered into an agreement related to the oral contraceptive Ovcon that violations Section 1 of the Sherman Act, 15 U.S.C. § 1, as well as various state laws. Third Party Payor Plaintiffs seek treble damages, attorneys' fees and costs.

The parties[1] advise the Court that in addition to Third Party Payors' class actions, other actions have been filed by plaintiffs based on the same or similar allegations. Specifically, the Federal Trade Commission ("FTC") filed Civil Action No. 1:05-cv-2179-CKK, thirty-four states and the District of Columbia (the "State Plaintiffs") filed Civil Action No. 1:05-cv-2182-CKK, and six direct purchasers ("Direct Purchaser Plaintiffs") filed class actions against Defendants.[2]

---

[1] The "parties" as used herein means Third Party Payor Plaintiffs and Defendants.

[2] The Direct Purchaser actions include Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al. (D.D.C. 05-2195); Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al. (D.D.C. 05-2210); Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al. (D.D.C. 05-2257); Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al. (D.D.C. 05-2321); American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al. (D.D.C. 05-2335); Saj Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al. (D.D.C. 05-2459).

2

On January 6, 2006, Defendants moved to consolidate for pretrial purposes all of the above-referenced actions pending before this Court. Third Party Payor Plaintiffs filed their response to this motion on January 27, 2006. While Third Party Payor Plaintiffs oppose consolidation of the Third Party Payor actions with the FTC, State Plaintiffs and the Direct Purchaser actions, the Third Party Payor Plaintiffs do not oppose coordination among the related actions and are currently in the process of negotiating a proposed case management order with Defendants, the FTC, State Plaintiffs and Direct Purchaser Plaintiffs that would provide for such coordination. Defendants filed their reply on January 27, 2006 and the motion is now pending before the Court.

Pursuant to Local Civil Rule 16.3(c), the parties have discussed the following matters:

1. <u>Dispositive Motions</u>

    No dispositive motions are pending.

2. <u>Joinder of Parties, Amendment of Pleadings and Narrowing of the Issues</u>

    Plaintiffs filed an Amended Complaint on February 6, 2006. The parties do not anticipate that additional parties need to be joined or that additional amendments of the pleadings are necessary, but reserve their right to seek leave of the Court to make further amendments pursuant to Federal Rule of Civil Procedure 15(a).

3. <u>Agreement to Assign to Magistrate Judge</u>

    The parties do not request assignment to a magistrate judge for all purposes.

4. <u>Possibility of Settlement</u>

    The parties do not believe that there is a realistic possibility of settlement at this time.

5.  <u>Alternative Dispute Resolution</u>

The parties have considered the possibility of using alternative dispute resolution procedures but do not believe that the case would benefit from such proceedings at this time.

6.  <u>Summary Judgment</u>

The parties disagree as to the schedule for filing summary judgment motions.

Plaintiffs propose that summary judgment motions be filed no later than March 23, 2007; any opposition papers be filed on or before April 27, 2007; and any reply papers be filed on or before May 18, 2007.

Defendants propose that summary judgment motions be filed no later than July 16, 2007; any opposition papers be filed no later than August 20, 2007; and any reply papers be filed no later than September 7, 2007.

7.  <u>Initial Disclosures</u>

The parties shall serve initial disclosures as required under Fed. R. Civ. P. 26(a)(1) no later than March 15, 2006. The parties agree that their initial disclosures shall include an initial production of documents.

8.  <u>Scope of Discovery</u>

   (a)  <u>Timing of Discovery</u>

   The parties disagree as to the timing of discovery.

   Except as to requests for admissions for the authentication and admissibility of exhibits, Plaintiffs propose that fact discovery between the parties should be completed by October 6, 2006 and third-party discovery should be completed by March 2, 2007.

Except as to requests for admissions for the authentication and admissibility of exhibits, Defendants propose that fact discovery should be completed by April 2, 2007.

The parties agree that they shall serve subpoenas and discovery requests sufficiently in advance of the discovery completion dates so that all responses or objections will be due on or before those dates.

(b)     <u>Interrogatories</u>

The parties believe that it will be necessary to propound more than 25 interrogatories permitted by Fed. R. Civ. P. 33(a), and propose that they be permitted to propound 30 interrogatories, including all discrete subparts.

(c)     <u>Other Written Discovery</u>

The parties propose that there be no limitations as to the number of requests for the production of documents pursuant to Fed. R. Civ. P. 34 or as to the number of requests for admission pursuant to Fed. R. Civ. P. 36, so long as consolidation and/or coordination of all nine pending actions has occurred in a manner that attempts to avoid any duplicative discovery.  Each party reserves the right to seek a protective order pursuant to Fed. R. Civ. P. 26(c) with respect to the total number of requests for the production of documents or requests for admission as well as any objections to specific discovery requests.  In addition, each party reserves the right to object to discovery to the extent that such discovery is duplicative of discovery produced in any of the nine related actions.

    (d)    <u>Depositions</u>

The parties believe that it will be necessary to take more than 10 depositions as permitted under Fed. R. Civ. P. 30(a)(2)(A) and propose that Plaintiffs and Defendants each be permitted to take the depositions of as many as 50 fact witnesses, excluding the parties and all fact witnesses named on the opposing parties' witness lists. Expert depositions are not subject to the provisions and limitations of this subparagraph.

    (e)    <u>Protective Order</u>

The parties further agree that a protective order is necessary to safeguard the parties' confidential information. The parties are negotiating a protective order which they will submit for the Court's consideration upon the completion of their negotiations.

9.    <u>Experts</u>

Subject to the following paragraphs, the parties propose no modification of the requirements of Fed. R. Civ. P. 26(a)(2).

    (a)    <u>Expert Reports</u>

The parties disagree as to the timing for the exchange of expert reports. Plaintiffs propose that the parties shall exchange the expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by November 3, 2006, opposing expert reports shall be provided by December 15, 2006, and reply reports by January 26, 2007.

Defendants propose that Plaintiffs provide the expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by May 1, 2007 and expert rebuttal reports by July 2,

2007, and that Defendants provide the expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by June 1, 2007 and expert rebuttal reports by June 1, 2007.

The parties agree that the following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses.  The parties further agree that protections against discovery contained in this paragraph will not apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

(b)     Expert Depositions

The parties propose that each expert witness be deposed within a reasonable time after the service of each report issued by that expert.

10. Class Actions

The parties propose that the deadline for moving for class certification be extended to May 8, 2006.

The parties disagree as to the timing of the filing of opposition and reply papers. Plaintiffs propose that Defendants' response shall be filed on or before June 19, 2006 and Plaintiffs' reply, if any, shall be filed on or before July 31, 2006.

Defendants propose that Defendants' response shall be filed on or before August 7, 2006 and Plaintiffs' reply, if any, shall be filed on or before September 18, 2006.

11. <u>Bifurcation</u>

The parties agree that trial and/or discovery should not be bifurcated or managed in phases.

12. <u>Pretrial Conference</u>

The parties disagree as to the schedule for the pretrial conference.

Plaintiffs propose that the Court schedule a pretrial conference for June 15, 2007.

Defendants propose that the Court schedule a pretrial conference for October 1, 2007.

13. <u>Trial Date</u>

The parties disagree as to the schedule for the trial.

Plaintiffs propose that trial start on June 29, 2007.

Defendants propose that the Court should set a trial date at the pretrial conference.

Plaintiffs and Defendants have each submitted proposed scheduling orders reflecting their alternative proposals.

                Respectfully submitted,

Dated: February 9, 2006        By  /s/ Michael G. McLellan
                                    L. Kendall Satterfield (Bar # 393953)
                                    Michael G. McLellan (Bar # 489217)
                                    FINKELSTEIN, THOMPSON & LOUGHRAN
                                    1050 30th Street, N.W.
                                    Washington, D.C. 20007

                                    Kevin B. Love
                                    HANZMAN, CRIDEN & LOVE, P.A.
                                    220 Alhambra Circle, Suite 400
                                    Coral Gables, Florida 33134
                                    Telephone: (305) 357-9000
                                    Facsimile: (305) 357-9050

Jay Shapiro
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Phone: (305) 789-3200
Facsimile (305) 789-3229

Marc A. Wites
WITES & KAPETAN, P.A.
4400 North Federal Highway
Lighthouse Point, FL 33064
Phone: (954) 570-8989
Facsimile (954) 428-3929

Joseph C. Kohn
William E. Hoese
Joshua C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Phone: (215) 238-1700
Facsimile: (215) 238-1968

Eric L. Young
KENNEY LENNON & EGAN
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610)-940-0284

***Attorneys for Plaintiffs***

| | |
|---|---|
| Dated:  February 9, 2006 | By  /s/ Karen N. Walker<br>Karen N. Walker (D.C. Bar #. 412137)<br>Mark L. Kovner (DC Bar # 430431)<br>Chong S. Park (D.C. Bar # 463050)<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone:  (202) 879-5000<br>Fax:  (202) 879-5200<br><br>**Counsel for Barr Pharmaceuticals, Inc.** |
| Dated:  February 9, 2006 | By  /s/ Kevin J. Arquit<br>Kevin J. Arquit (D.C.Bar # 438511)<br>Charles E. Koob<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017-3954<br>Telephone:  (212) 455-2000<br>Fax:  (212) 455-2502<br><br>**Counsel for Warner Chilcott Holdings Company III, Ltd.,** *et al.* |