**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VISTA HEALTHPLAN, INC., and UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND,<br><br>    on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS, WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,<br><br>                      Defendants. | Civil Action No. 1:05CV02327<br><br>Judge Colleen Kollar-Kotelly |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

In accordance with Fed. R. Civ. P. 16 and L. Civ. R. 16.4(b), the Court hereby ORDERS as follows:

1.    <u>Amendment of Pleadings.</u>  The parties shall be allowed to seek leave of the Court to make amendments to the pleadings pursuant to Federal Rule of Civil Procedure 15(a).

2.    <u>Summary Judgment.</u>  Summary judgment motions shall be filed no later than July 16, 2007; any opposition papers shall be filed no later than August 20, 2007; and any reply papers shall be filed no later than September 7, 2007.

3.    Initial Disclosures.  The parties shall serve initial disclosures as required under

Fed. R. Civ. P. 26(a)(1) no later than March 15, 2006.  Initial disclosures shall include an initial

production of documents.

4.    Scope of Discovery.

(a) Timing of Discovery

Except as to requests for admissions for the authentication and

admissibility of exhibits, fact discovery shall be completed by April 2, 2007.

The parties shall serve subpoenas and discovery requests sufficiently in

advance of the discovery completion dates.  All responses or objections shall be

due on or before those dates.

(b) Interrogatories

The parties shall be permitted to propound 30 interrogatories, including all

discrete subparts.

(c) Other Written Discovery

There shall be no limitations as to the number of requests for the

production of documents pursuant to Fed. R. Civ. P. 34 or as to the number of

requests for admission pursuant to Fed. R. Civ. P. 36, so long as consolidation

and/or coordination of all nine pending actions has occurred in a manner that

attempts to avoid any duplicative discovery.  Each party may seek a protective

order pursuant to Fed. R. Civ. P. 26(c), with respect to the total number of

requests for the production of documents or requests for admission as well as any

objections to specific discovery requests.  In addition, each party may object to

discovery to the extent that such discovery is duplicative of discovery produced in any of the nine related actions.

(d) Depositions

Plaintiffs and Defendants each shall be permitted to take the depositions of as many as 50 fact witnesses, excluding the parties and all fact witnesses named on the opposing parties' witness lists. Expert depositions shall not be subject to the provisions and limitations of this subparagraph.

(e) Protective Order

A protective order is necessary to safeguard the parties' confidential information and shall be entered at a later date.

5.    Experts.

(a) Expert Reports

Plaintiffs shall provide expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by May 1, 2007, and expert rebuttal reports by July 2, 2007. Defendants shall provide expert reports required by Fed. R. Civ. P. 26(a)(2)(B) by June 1, 2007, and expert rebuttal reports by June 1, 2007.

The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses. The protections against discovery contained in this paragraph shall not

apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

(b) Expert Depositions

Expert witness shall be deposed within a reasonable time after the service of each report issued by that expert.

6. Class Actions.  The deadline for moving for class certification shall be extended to May 8, 2006.  Defendants' response shall be filed on or before August 7, 2006.  Plaintiffs' reply, if any, shall be filed on or before September 18, 2006.

7. Bifurcation.  Trial and/or discovery shall not be bifurcated or managed in phases.

8. Pretrial Conference.  A pretrial conference shall be set for October 1, 2007.

9. Trial Date.  A trial date shall be set at the pretrial conference.

IT IS SO ORDERED.

DATED:  February ____, 2006     _____

                  Hon. Colleen Kollar-Kotelly
                  United States District Judge