IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC., and UNITED
FOOD AND COMMERCIAL WORKERS
CENTRAL PENNSYLVANIA HEALTH
AND WELFARE FUND, on behalf of themselves      05 Civ. 2327 (CKK)
and all others similarly situated,

        **Plaintiffs,**

v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORP.,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC., and BARR
PHARMACEUTICALS, INC.,

        **Defendants.**
_____/

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR THE ESTABLISHMENT OF AN EXECUTIVE COMMITTEE**

At the April 4th hearing, the Court requested that the Third Party Payors ("TPP" or TPPs") file a proposed order that would establish an organizational structure for TPP counsel so that the Court and the Defendants (as well as the other Plaintiff Groups) would know who speaks for the TPP Plaintiffs. As it stands now, just two TPPs are suing Defendants. But the proposed order establishes an Executive Committee not only for those two TPPs, Vista Healthplan, Inc. ("Vista") and United Food and Commercial Workers ("United Food"), but it will also govern any and "all related Third Party Payor class actions subsequently filed in or transferred to this Court." Further, the proposed order chooses one law firm (out of the current 6) to be the Chairman of the Executive Committee. That law firm will act as the liaison to the Court and Defendants for all TPPs and shall be responsible for making all *substantive* decisions regarding the prosecution of the *TPP action*.

Indeed, no motion can be filed on behalf of a TPP without the Chairman's consent.

On April 4th, the Court entered substantially the same order organizing counsel for the Direct Purchaser plaintiffs. Defendants did not oppose that motion.

Despite having no standing to object to the organization of Third Party Counsel,[1] Defendants contend that the TPPs do not have the right to choose which counsel will represent them in this action. Instead, Defendants ask this Court to foist a law firm which does not represent TPPs, but consumers, onto the TPPs' Executive Committee as a Co-Chair.

For the following reasons, Defendants' request should be denied. First, the Defendants are essentially asking the Court to reconsider their motion for consolidation which has already been denied by the Court. Although the TPPs and the Consumers can both be loosely considered as "End Payors," that does not mean that the Defendants can force the TPPs to file one consolidated complaint with the Consumers or require that TPP counsel represent consumers, a group of plaintiffs that TPP counsel has repeatedly stated that it does not want to represent. By the same logic, the Direct Purchasers and the TPPs could both be considered "private plaintiff purchasers" but the Court has already held that it would be more efficient *not* to consolidate their cases. Rather, the Court found that it made more sense to simply coordinate the Direct Purchaser cases and the TPP cases with the other related cases.

Second, TPP counsel has already spoken to Consumer Counsel and discovered that they have quite divergent views on how to prosecute this litigation. It is one thing to secure a consensus from the various TPP counsel regarding substantive decisions for TPPs, but it would certainly be

---

[1] One wonders what kind of response the Court would receive from Counsel for Warner Chilcott if Plaintiffs requested that Barr's counsel speak not only for Barr but also for Warner Chilcott, that Barr's Counsel could make all substantive decisions for Warner Chilcott, and that Warner Chilcott could not file a motion without Barr's counsel's consent.

impossible to obtain that same consensus from TPP counsel *and* Consumer Counsel when their respective constituencies have different agendas.

Finally, Defendants suggest that having Consumer Counsel speaking for TPPs (who oppose such representation) and TPP counsel speaking for Consumers (similar opposition) will undoubtedly lead to more "efficient coordination." Given the fact that both groups have different agendas, such a committee would actually have the opposite effect that Defendants envision – it would create unnecessary debate on what course of action to adopt for a global constituency that does not exist.

## CONCLUSION

One cannot escape the irony of Defendants invoking the mantra of "judicial economy" to support their opposition to the TPPs' attempt to simply organize themselves given that these types of procedural motions are routinely, if not always, uncontested by defendants. The end result of Defendants' opposition is that what should have come before this Court as an unopposed procedural motion, is now a contested motion with three filed memoranda that the Court will have to review.

In the end, we think it is important to note that all counsel (*i.e., each* counsel representing their *own* clients) have been able to work together since the April 4th Status Hearing to draft a proposed CMO that will be filed today. We expect that this type of coordination will continue so long as each group of plaintiffs are represented by counsel of their choosing.

For the reasons stated above, the TPPs respectfully request that the Court enter the Proposed Order Granting Plaintiffs' Motion for the Establishment of an Executive Committee.

By    s/ Michael G. McLellan
L. Kendall Satterfield (Bar # 393953)
Michael G. McLellan (Bar # 489217)
**FINKELSTEIN, THOMPSON & LOUGHRAN**
1050 30th Street, N.W.
Washington, D.C. 20007

Kevin B. Love
Joshua Migdal
**HANZMAN, CRIDEN & LOVE, P.A.**
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050

Jay Shapiro
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Phone: (305) 789-3200
Facsimile (305) 789-3229

Marc A. Wites
**WITES & KAPETAN, P.A.**
4400 North Federal Highway
Lighthouse Point, FL 33064
Phone: (954) 570-8989
Facsimile (954) 428-3929

Joseph C. Kohn
William E. Hoese
Joshua C. Snyder
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Phone: (215) 238-1700
Facsimile: (215) 238-1968

Eric L. Young
**KENNEY LENNON & EGAN**
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610)-940-0284

***Attorneys for Plaintiffs***