# EXHIBIT A

Case 1:05-cv-02327-CKK    Document 43-2    Filed 04/14/2006    Page 1 of 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 1:05-CV-2195-CKK<br><br>Judge Colleen Kollar-Kotelly<br><br>**JURY TRIAL DEMANDED** |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 1:05-CV-2210-CKK<br><br>Judge Colleen Kollar-Kotelly<br><br>**JURY TRIAL DEMANDED** |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v. | Civil Action No. 1:05-CV-2257-CKK<br><br>Judge Colleen Kollar-Kotelly<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>          Defendants. | |
| VALLEY WHOLESALE DRUG COMPANY, INC., individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>          Defendants. | Civil Action No. 1:05-CV-2321-CKK<br><br>Judge Colleen Kollar-Kotelly<br><br>**JURY TRIAL DEMANDED** |
| AMERICAN SALES COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD.; WARNER CHILCOTT CORPORATION; WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD.; and BARR PHARMACEUTICALS, INC.,<br><br>          Defendants. | Civil Action No. 1:05-CV-2335-CKK<br><br>Judge Colleen Kollar-Kotelly<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| SAJ DISTRIBUTORS, INC. and STEPHEN L. LaFRANCE HOLDINGS, INC., individually and on behalf of all others similarly situated, | Civil Action No. 1:05-CV-2459-CKK |
| Plaintiffs, v. | Judge Colleen Kollar-Kotelly |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| VISTA HEALTHPLAN, INC. and UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated, | Civil Action No. 1:05-CV-2327-CKK |
| Plaintiffs, v. | Judge Colleen Kollar-Kotelly |
| WARNER CHILCOTT HOLDINGS CO. III, LTD., WARNER CHILCOTT CORP., WARNER CHILCOTT (US) INC., WARNER CHILCOTT CO., INC., and BARR PHARMACEUTICALS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

3

| | |
|---|---|
| STEPHANIE COHEN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>        v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS) LTD., and BARR PHARMACEUTICALS, INC.,<br><br>                Defendants. | Civil Action No. 1:06-CV-0401-CKK<br><br>Judge Colleen Kollar-Kotelly |
| WALGREEN CO., ECKERD CORP., MAXI DRUG, INC. d/b/a/ BROOKS PHARMACY, THE KROGER CO., ALBERTSON'S, INC., SAFEWAY, INC., and HY-VEE, INC.<br><br>                Plaintiffs,<br>        v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,<br><br>                Defendants. | Civil Action No. 1:06-CV-0494-CKK<br><br>Judge Colleen Kollar-Kotelly |

## CASE MANAGEMENT ORDER

    This Case Management Order is hereby entered in the above-captioned cases, which will be coordinated for pretrial purposes. These cases will not be consolidated with the related enforcement actions identified in Schedule A hereto, as to which a separate Case Management

4

Order will be entered. Both Orders will permit sharing of discovery and set out appropriate procedures for avoiding duplication.

1. For the purpose of this Order:

    (a) "Government Plaintiffs" refers collectively to the Federal Trade Commission, the thirty-four States and the District of Columbia as plaintiffs in the lawsuits identified in Schedule A.

    (b) "Direct Purchaser Plaintiffs" refers collectively to all plaintiffs in the private lawsuits identified in Schedule B, cases 1 through 6 of which will be consolidated pursuant to an Amended Consolidated Class Action Complaint to be filed on April, 14, 2006.

    (c) "Third Party Payor Plaintiffs" refers collectively to all plaintiffs identified in Schedule C.

    (d) "Consumer Plaintiffs" refers collectively to all plaintiffs identified in Schedule D.

    (e) "Warner Chilcott" refers collectively to Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd., and their predecessors, successors, parent corporations and subsidiary corporations.

    (f) "Barr" refers to Barr Pharmaceuticals, Inc. and its predecessors, successors, parent corporations and subsidiary corporations.

    (g) "Defendants" refers collectively to Warner Chilcott and Barr.

(h) "Reasonable notice" shall mean notice given at least seven (7) business days in advance of the date on which action will be taken.

(i) "Pending Cases" refers to all actions identified in Schedules A, B, C, and D.

2. The Court expects the parties in the above-captioned cases to cooperate with parties in the other Pending Cases to the extent possible to promote efficiency and to avoid duplication.

3. The Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, Consumer Plaintiffs and Defendants shall, jointly with the Government Plaintiffs, establish an electronic service system to be utilized by the parties in the Pending Cases.

4. The Government Plaintiffs and Defendants shall make available to the Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, and the Consumer Plaintiffs, to the extent allowed by law, the discovery, including the transcripts of the investigational hearings and the discovery requests, in the investigation conducted by and the lawsuits filed by the Government Plaintiffs, and those materials shall be treated as if they were obtained through discovery in the actions identified in Schedules B, C, and D.

5. The Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, Consumer Plaintiffs, and Defendants shall be bound by the Protective Orders entered by the Court in the above-captioned cases. Substantially identical Protective Orders have been entered in the actions identified in Schedule A and shall be given similar effect in those cases.

**SCHEDULING ISSUES**

6. Defendants shall make available or provide copies to Plaintiffs of the documents they produced in discovery to the Federal Trade Commission during its pre-lawsuit investigation on or before April 19, 2006, subject to the entry of an agreed Protective Order. Plaintiffs shall begin making their initial production of documents pursuant to their initial disclosures to Defendants on or before April 19, 2006, subject to the entry of an agreed Protective Order.

7. All fact and expert discovery shall be conducted so as to be completed by March 2, 2007.

8. As to fact discovery, all discovery requests should be made such that the time for compliance with the same would occur on or before the March 2, 2007 discovery cutoff.

9. Deadlines for motions for class certification shall be as follows:

   (a) On or before July 14, 2006, Direct Purchaser Plaintiffs shall file their motions for class certification. Defendants shall file their oppositions on or before September 15, 2006. Replies, if any, shall be filed by the Direct Purchaser Plaintiffs on or before November 15, 2006.

   (b) On or before July 28, 2006, Third Party Payor Plaintiffs and Consumer Plaintiffs shall file their motions for class certification. Defendants shall file their oppositions on or before September 29, 2006. Replies, if any, shall be filed by the Third Party Payor Plaintiffs and Consumer Plaintiffs on or before November 29, 2006.

10. Expert discovery deadlines shall be as follows: On or before November 8, 2006, the parties shall exchange expert reports. On or before January 8, 2007, the parties shall exchange rebuttal reports. The parties reserve the right to file a sur-rebuttal report on or before

January 26, 2007, in the event that new information is raised in the rebuttal reports, and a sur-rebuttal report is necessary. The parties shall make their experts available for deposition on or before February 23, 2007.

11. The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses. The protections against discovery contained in this paragraph will not apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

12. Plaintiffs and Defendants shall appear on Friday, March 9, 2007 at 10:00 a.m. for a Status Conference to address the filing of summary judgment motions and the conduct of any remaining pretrial proceedings.

## CONDUCT OF DISCOVERY

13. A party serving a written discovery request in this case shall serve a copy of the request on the contact attorneys in the Pending Cases identified in Schedules A, B, C, and D. (A similar Case Management Order in the other Pending Cases will impose a reciprocal obligation.)

14. A party responding to a written discovery request in the above-captioned actions shall serve its response to the contact attorneys of the Pending Cases identified in Schedules A, B, C, and D, and those materials shall be treated as if they were obtained through discovery in the lawsuits identified in Schedules A, B, C, and D. (A similar Case Management Order in the other Pending Cases will impose a reciprocal obligation.) Likewise, all discovery materials

served in response to discovery requests in the other Pending Cases shall be treated as if they were obtained through discovery in the above-captioned cases.

15. The Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, Consumer Plaintiffs, and the Defendants shall use their best efforts to cooperate with each other and with the Government Plaintiffs to avoid duplicating prior discovery requests.

16. A party shall give reasonable notice to the contact attorneys of all parties to the lawsuits identified in Schedules A, B, C, and D before seeking the production of documents pursuant to Rule 34(c) from a person not a party to any of the Pending Cases. The parties shall use their best efforts to serve their requests for the production of documents on that person at the same time.

17. A party that receives a response to a discovery request from a non-party shall, as permitted by law, make available for inspection or provide copies of the response, including any documents produced, to the contact attorneys of the parties to the lawsuits identified in Schedules A, B, C, and D within ten (10) business days of receiving the response, and those materials shall be treated as if they were obtained through discovery in all Pending Cases.

## COORDINATION OF DEPOSITIONS

18. In the case of party depositions, the noticing party shall notify its opponent of its intent to depose such a witness and shall request available dates for the witness prior to issuing a notice for a date certain. Depositions taken in any of the Pending Cases shall be treated as if they were obtained through discovery in the above-captioned cases.

19. Pursuant to the Case Management Order in the related Government Cases, the Government Plaintiffs, after giving reasonable notice to and consulting with the contact attorneys

of the Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, and Consumer Plaintiffs, may notice depositions consistent with the discovery schedule in this Order. Defendants may also notice depositions consistent with the discovery schedule in this Order and those in the other Pending Cases. Counsel for the Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, and Consumer Plaintiffs may attend those depositions and question the deponents upon the completion of questioning by the counsel for the Government Plaintiffs, provided that:

(a) No more than a total of six individuals for the Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, and Consumer Plaintiffs, collectively, may attend each deposition.

(b) The Defendants, the Government Plaintiffs, the Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, and the Consumer Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered in their own lawsuit and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

If the Direct Purchaser Plaintiffs, Third Party Payor Plaintiffs, or Consumer Plaintiffs elect not to attend a deposition noticed pursuant to this Order, and thereafter wish to depose such a witness, the parties shall meet and confer to discuss the reopening of the deposition. In the event the parties are not able to agree, they may submit the matter to the Court.

20.    The Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, the Consumer Plaintiffs, and Defendants may proceed with depositions consistent with the scheduling orders entered by the Court in their lawsuits, provided that:

(a) Prior to noticing a deposition, the Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, and the Consumer Plaintiffs shall give reasonable notice to and consult with the contact attorneys of the Government Plaintiffs to determine whether the Government Plaintiffs intend to depose the witness in their lawsuits. At the election of the Government Plaintiffs, the deposition shall be scheduled and conducted pursuant to this Order.

(b) The Government Plaintiffs, the Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, and the Consumer Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered their respective lawsuits, and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

Pursuant to the Case Management Order in the related Government Cases, if the Government Plaintiffs elect not to attend a deposition noticed pursuant to this Order, they waive the right to notice that deposition thereafter without leave of Court and only upon good cause shown.

21. Subject to the provisions of this Order, a party taking the deposition of a person other than a party shall give reasonable notice to the contact attorneys in all lawsuits identified in Schedules A, B, C, and D before serving the subpoena pursuant to Fed. R. Civ. P. 45. At the request of the contact attorneys for any opposing party, and consistent with the orders entered in each lawsuit, the deposition shall be noticed for all lawsuits identified in Schedules A, B, C, and D and each party may participate in the deposition as if it were noticed in their own lawsuit, consistent with any order entered in that lawsuit and with the Federal Rules of Civil Procedure

and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

22. The time limits on depositions established by Fed. R. Civ. P. 30(d)(2) shall apply to all depositions, except that, in the event that plaintiffs in the Government Cases and the other Pending Cases intend to depose the same party witness, the total time limit for all Plaintiffs or Defendants noticing the deposition shall be extended to fourteen hours. In the event that a deposition of Plaintiffs is noticed by Defendants in both the Government cases and other pending cases, the total time limit for all Defendants noticing the deposition shall be extended to fourteen (14) hours. Depositions of class representatives taken solely on class issues shall be limited to seven (7) hours. Pursuant to Fed. R. Civ. P. 30(a)(2)(A), leave is granted to both Plaintiffs and Defendants to conduct in excess of ten (10) depositions per side.

23. To attend a deposition, counsel and his/her client must be bound by the Protective Order entered in the above-captioned cases or in the other Pending Cases identified in Schedule A, B, C, or D.

24. A party may move the Court for an order modifying any provision of this Order, including the time limitations for any specific deposition.

IT IS SO ORDERED:

_____

## Schedule A: Government Cases

1.    Title of Action:    *Federal Trade Commission v. Warner Chilcott Holdings Company III, Ltd., et al.*
      Civil Action No.:    1:05-CV-02179-CKK

2.    Title of Action:    *State of Colorado, et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
      Civil Action No.:    1:05-CV-02182-CKK

**Contact Attorneys**

Thomas H. Brock
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2813

Devin M. Laiho
Office of Attorney General
1525 Sherman Street, Fifth Floor
Denver, Colorado 82023
(303) 866-5079

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

## Schedule B: Direct Purchaser Cases

1. Title of Action: *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02195-CKK

2. Title of Action: *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No.: 1:05-CV-02210-CKK

3. Title of Action: *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No.: 1:05-CV-02257-CKK

4. Title of Action: *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02321-CKK

5. Title of Action: *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02335-CKK

6. Title of Action: *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02459-CKK

7. Title of Action: *Walgreen Co., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:06-CV-00494-CKK

**Contact Attorneys**

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
(212) 838-7797

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Scott E. Perwin
Kenny Nachwalter P.A.
110 Miami Center
201 South Biscayune Boulevard
Miami, FL 33131

## Schedule C: Third Party Payor Case

1.   Title of Action:      *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
     Civil Action No.:     1:05-CV-02327-CKK

**Contact Attorneys**

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Kevin B. Love
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
(305) 357-9000

## Schedule D: Consumer Case

1.     Title of Action:      *Cohen v. Warner Chilcott Public Limited Company, et al.*

      Civil Action No:      1:06-CV-00401-CKK

**Contact Attorneys**

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Robert Sink
Law Offices of Robert W. Sink
319 West Front Street
Media, PA 19063
(610) 566-0800