IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC. and UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORP., WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC. and BARR PHARMACEUTICALS, INC.,<br><br>                 Defendants. | 05 Civ. 2327 (CKK) |

## THIRD-PARTY PAYORS' RESPONSE TO ORDER TO SHOW CAUSE

Vista Healthplan, Inc. and United Food and Commercial Workers Central Pennsylvania Health and Welfare Fund ("Plaintiffs") hereby submit their Response to Order to Show Cause.

### I. INTRODUCTION

In its Order to Show Cause, the Court asked Plaintiffs: (1) whether the Final Order entered in *FTC v. Warner Chilcott, et al.*, No. 05-2179, renders Count I of the Second Amended Class Action Complaint moot; and (2) if so, why the Court should retain jurisdiction over the state-law claims set forth in Counts II and II.  As explained below, the Final Order does not render Count I moot, and even if Count I were dismissed, this Court would continue to have original jurisdiction over this action under 28 U.S.C. § 1332(d).

### II. SECOND AMENDED CLASS ACTION COMPLAINT

In their Second Amended Class Action Complaint ("Second Amended Complaint"),

Plaintiffs allege that Defendants entered into an unlawful agreement whereby Warner Chilcott agreed to pay Barr $20 million to keep its generic Ovcon off the market. As a result, third-party payors across the country paid supracompetitive prices for Ovcon 35.

In Count I, Plaintiffs request injunctive relief under federal antitrust law: (1) to stop the Defendants' continuing anticompetitive conduct which is preventing generic Ovcon 35 from reaching the market; and (2) to stop the Defendants from engaging in similar and related anticompetitive conduct in the future. In Count II, Plaintiffs seek monetary relief under 23 state statutes that prohibit anticompetitive conduct (commonly referred to as the "Indirect Purchaser States"). In Count III, Plaintiffs assert claims for restitution under the laws of all the states in order to disgorge the Defendants from all of their ill-gotten gains arising from their unlawful conduct, including millions of dollars in overcharges that were reaped by Warner Chilcott as well as the $20 million payment to Barr.

Plaintiffs assert that the Court has jurisdiction over this action pursuant to: (1) 28 U.S.C. § 1331 (federal question jurisdiction); and (2) 28 U.S.C. § 1332(d) (diversity jurisdiction); and (3) 28 U.S.C. § 1367 (supplemental jurisdiction).

### III. ARGUMENT

**A. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331**

In Count I of the SAC, Plaintiffs seeks injunctive relief under Section 16 of the Clayton Act for Defendants' violation of Section 1 of the Sherman Act. In particular, we request that the Court "correct for the anticompetitive market effects caused by the unlawful conduct of Defendants, <u>and [provide] other relief so as to assure that similar anticompetitive conduct does not occur in the future.</u>" *See* ¶ 85. The Final Order may moot Count I against Warner Chilcott, but it is meaningless

as far as the relief we continue to seek against Barr. The Final Order does nothing to prevent Barr from engaging in similar and related unlawful conduct with another brand-name drug manufacturer.[1] If Count is not dismissed, the Court continues to enjoy federal question jurisdiction over this action.

## B. This Court has Diversity Jurisdiction under 28 U.S.C. § 1332

Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), federal courts have original jurisdiction over class action suits where there is minimal diversity and the amount in controversy exceeds $5,000,000.[2] Here, minimal diversity exists and Plaintiffs not only seek more than $5 million in antitrust overcharge damages but specifically request that Barr disgorge the $20 million it was paid by Warner Chilcott to keep its generic Ovcon off the market. *See* SAC at ¶¶ 7, 55, 88, 90, 92-93.[3] Thus, the Court also has diversity jurisdiction over this action.

---

[1] Plaintiffs respectfully incorporate the arguments included in the FTC's Opposition to Barr's Motion to Dismiss FTC Complaint as Moot as though fully set forth herein. The FTC's arguments opposing Barr's mootness argument apply equally here. It should be noted, however, as the Court points out in its Order, that even if Count I were dismissed, the Court would continue to have supplemental jurisdiction over the pendent state law claims. *See, e.g., Herman Family Rev. Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001); *Growth Horizons, Inc. v. Delaware County, P.A.*, 938 F.2d 1277, 1285 n.14 (3rd Cir. 1993). Plaintiffs do not address supplemental jurisdiction given the fact that, as explained below, the Court continues to enjoy original jurisdiction over this matter under 28 U.S.C. § 1332(d). Since the issue of supplemental jurisdiction is superfluous, Plaintiffs also do not address the standing issue raised in Defendants' motion to dismiss.

[2] CAFA applies to all actions commenced on or after February 18, 2005. This action was filed on December 12, 2005.

[3] CAFA includes a "home state controversy" exception whereby a federal court must decline to exercise jurisdiction if two-thirds or more of the members of all proposed classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(b). The Court also has discretion to decline jurisdiction if more than one-third but less than two-thirds of the members of the proposed class are citizens of the forum state. Neither of these exceptions apply to this case.

## IV. **CONCLUSION**

As shown above, Count I should not be dismissed. But even if this Court were to dismiss Count I in its entirety, the Court continues to enjoy subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d).[4] Therefore, Plaintiffs respectfully request that the Court continue to exercise jurisdiction over this matter.

                                      Respectfully submitted,

                                      s/ Kevin B. Love
                                      Kevin B. Love (pro hac vice)
Joshua A. Migdal
**HANZMAN, CRIDEN & LOVE, P.A.**
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050

L. Kendall Satterfield (Bar # 393953)
Michael G. McLellan (Bar # 489217)
**FINKELSTEIN, THOMPSON & LOUGHRAN**
1050 30th Street, N.W.
Washington, D.C. 20007
Phone: (202) 337-8000
Facsimile (202) 337-8090

Jay Shapiro
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Phone: (305) 789-3200
Facsimile (305) 789-3229

Marc A. Wites
**WITES & KAPETAN, P.A.**

---

[4] To the extent that the Court wishes to have Plaintiffs plead additional allegations to support diversity jurisdiction, Plaintiffs request leave to amend by interlineation.

4400 North Federal Highway
Lighthouse Point, FL 33064
Phone: (954) 570-8989
Facsimile (954) 428-3929

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Phone: (215) 238-1700
Facsimile: (215) 238-1968

Eric L. Young
**KENNEY LENNON & EGAN**
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610)-940-0284

*Attorneys for Plaintiffs*