## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC. and UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.<br><br>Defendants. | Civil Action No: 1:05CV02327 (CKK)<br><br>Jury Trial Demanded |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made and entered into this fifteenth day of May, 2007 ("Execution Date") among Lead Plaintiffs[1], both individually and as representatives of the proposed Settlement Class, by and through Class Counsel, and Defendants Warner Chilcott and Barr.

WHEREAS, Lead Plaintiffs are prosecuting the above-captioned action on their own behalf and on behalf of the Settlement Class against Warner Chilcott and Barr; and

WHEREAS, on December 5, 2005, Lead Plaintiffs filed a class action complaint against Warner Chilcott and Barr, which has been amended, culminating in the filing of the Second Amended Class Action Complaint ("Complaint") on April 14, 2006, which alleges that Warner Chilcott and Barr entered into an agreement not to compete in the sale of Ovcon 35; and

---

1.    Capitalized terms, unless otherwise noted, are defined below in Section I of this Settlement Agreement.

WHEREAS, Defendants specifically deny that they have engaged in any conduct violating Sections 1 and 2 of the Sherman Act, the antitrust and/or consumer protection statutes of the Indirect Purchaser States, the unjust enrichment laws of the fifty states, or any other wrongdoing; and

WHEREAS, Warner Chilcott irrevocably waived the exclusivity provision of the agreement challenged in the Complaint and, subsequently, Barr introduced a generic version of Ovcon; and

WHEREAS, since the filing of this action, Class Counsel has engaged in an extensive investigation relating to the claims and underlying facts alleged in the Complaint and is thoroughly familiar with issues relating to certification, liability, causation and damages with respect to the claims asserted in the Complaint and defenses asserted by Defendants; and

WHEREAS, Class Counsel and Defendants' Counsel agreed to mediate this dispute under the auspices of Magistrate Judge Alan Kay and have met several times to discuss the potential settlement of this Action and have conferred with Magistrate Judge Kay, and Class Counsel has concluded that it would be in the best interests of the Class to enter into this Settlement Agreement with the Defendants because the settlement would be a fair, reasonable and adequate resolution of all claims in this Action against Defendants; and

WHEREAS, Defendants, while continuing to deny vigorously any allegations of wrongdoing and any liability with respect to any and all claims asserted against them in this Action, nevertheless recognize the costs and uncertainties attendant upon further litigation of the claims in this Action, and have therefore concluded that it is desirable to enter into this Settlement Agreement solely to avoid further expense; and

WHEREAS, Class Counsel and Defendants' Counsel have advised Magistrate Judge Kay of the essential terms upon which they have agreed to settle this Action; and

WHEREAS, it is the intention of all the Parties to this Settlement Agreement to resolve, compromise and settle all claims of the Lead Plaintiffs and the Settlement Class against the Defendants, as more particularly provided below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, through their undersigned counsel, subject to Court approval pursuant to Fed. R. Civ. P. 23(e), to all of the terms and conditions set forth herein, as follows:

## I. DEFINITIONS

The following terms, as used in this Settlement Agreement, shall have the following meanings:

A.      "Action" shall mean *Vista Healthplan, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Case No. 1:05CV02327 (CKK) (D.D.C.).

B.      "Barr" shall mean Barr Pharmaceuticals, Inc. and its past and present officers, directors, employees, parents, subsidiaries, and affiliates, and the predecessors, heirs, executors, administrators, and assigns of each of the foregoing.

C.      "Class Counsel" shall mean Hanzman, Criden & Love, P.A.; Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.; Finkelstein, Thompson, LLP; Kohn, Swift & Graf, P.C.; Wites & Kapetan, P.A.; and Kenney Lennon & Egan.

D.      "Class Member" shall mean each member of the Settlement Class who does not timely elect to be excluded from the Settlement Class.

E.      "Class Notice" shall mean the notice directed by the Court in its Preliminary Approval Order to be sent and/or published to Class Members to advise them of this Settlement Agreement.

F.      "Class Period" shall mean the period from and including April 22, 2004 up to and including the date of the preliminary approval order.

G.     "Defendants" shall mean Warner Chilcott and Barr.

H.     "Defendants' Counsel" shall mean Simpson Thacher & Bartlett LLP and Kirkland & Ellis LLP.

I.     "Effective Date" shall mean the later of: (i) five (5) calendar days after the date when no appeal or reargument can be taken from the Final Judgment as defined herein; or (ii) if an appeal is taken or a review is sought from the Final Judgment, five (5) calendar days after the date when no subsequent appeal, motion for reargument or petition for certiorari can be taken from an order determining that the Final Judgment is final.  If no objections to the Settlement Agreement are asserted, then the Effective Date shall be five (5) calendar days after the Final Judgment is entered by the Court.  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U S C §1651, shall be taken into account in determining the above-stated times.

J.     "Escrow Account" shall mean a federally insured bank account established by Class Counsel at Gibraltar Bank, FSB (Miami, Florida) where the Fees Fund and Costs Fund shall be held in escrow.  The Escrow Agent shall be Kevin Love of Hanzman Criden & Love, P.A.  The Escrow Account shall be administered by the Escrow Agent under the Court's continuing supervision and control.  Upon receiving the Court approvals described in Paragraphs II.B and II.C herein, the Escrow Agent shall pay all costs related to this Settlement Agreement as they come due from the Costs Fund as outlined herein, and may distribute the Fees Fund within five (5) business days of the Effective Date.  Any interest or income earned on a Fund while in escrow shall become part of that Fund.  No Class Member shall have any interest in the Escrow Account.  If any funds remain in the Escrow Account after all fees, costs, and expenses are paid, then the Court shall direct the distribution of the remaining funds at the Court's sole discretion.

Excluded from the Class are Defendants, their parents, employees, subsidiaries and affiliates, and all governmental entities.

S.    "Third Party Payors" shall mean any non-governmental entity that is: (i) a party to a contract, issuer of a policy, or sponsor of a plan, which contract, policy, or plan provides prescription drug coverage to natural persons; and (ii) is also at risk, pursuant to such contract, policy, or plan to provide prescription drug benefits, or to pay or reimburse all or part of the cost of prescription drugs dispensed to natural persons covered by such contract, policy, or plan.

T.    "Warner Chilcott" shall mean Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc. and Warner Chilcott Company, Inc. and their past and present officers, directors, employees, parents, subsidiaries, and affiliates, and the predecessors, heirs, executors, administrators, and assigns of each of the foregoing.

## II. SETTLEMENT CONSIDERATION

As consideration for the Release provided herein, and in full, complete, and final settlement of the Complaint as provided herein, Defendants shall provide the following consideration:

A.    Product Donation

    1.    Warner Chilcott

        a.    Warner Chilcott shall donate one or more branded combined hormonal contraceptive products of its choosing (*e.g.*, Loestrin 24, Femcon Fe, etc.) ("Warner Chilcott Products") with a retail value of one million, five hundred thousand dollars ($1,500,000) throughout the United States within a three-year period to begin on the Effective Date. Each of the products to be donated will be valued at their average retail price, as determined by an independent third party data source, for the one-year period preceding the donation or, if unavailable, the period since the product's launch.

The Escrow Agent shall be responsible for paying any and all taxes related to the Escrow Account as well as filing any returns with the United States Internal Revenue Service.

      K.     "Final Judgment" shall mean a final order and judgment issued by the Court in the Action.

      L.     "Lead Plaintiffs" shall mean Plaintiffs Vista Healthplan, Inc. and United Food and Commercial Workers Central Pennsylvania & Regional Health and Welfare Fund.

      M.     "Ovcon" means the oral contraceptive Ovcon 35.

      N.     "Parties" shall mean Lead Plaintiffs and Defendants.

      O.     "Preliminary Approval Order" shall mean an order to be entered by the Court preliminarily approving the terms and conditions of this Settlement Agreement.

      P.     "Releasees" shall mean the Defendants and each and all of their respective past, present or future parent companies, subsidiaries, divisions, affiliates, predecessors, successors, insurers, and reinsurers; and each of the preceding entities' past, present and future officers, directors, shareholders, partners, agents, employees, attorneys, representatives, heirs, executors, personal representatives, administrators and assigns.

      Q.     "Releasors" shall refer jointly and severally, individually and collectively to Lead Plaintiffs and Class Members, and their respective past, present or future parent companies, subsidiaries, divisions, affiliates, predecessors, successors, and insurers, if any; and each and all of the preceding entities' officers, directors, shareholders, partners, agents, employees, attorneys, representatives, heirs, executors, personal representatives, administrators and assigns.

      R.     "Settlement Class" shall mean:

            All Third Party Payors in the United States who purchased, reimbursed, and/or paid for Ovcon 35 at any time from April 22, 2004 through the date of the Preliminary Approval Order.

b.      Warner Chilcott shall pay all costs associated with the donation of the Warner Chilcott Products, which shall be distributed by Warner Chilcott in a manner of its choosing consistent with this Settlement Agreement.

c.      Warner Chilcott shall in its discretion donate the Warner Chilcott Products to one or more of the following: (1) primary care physicians not currently receiving samples of the Warner Chilcott Products who, according to IMS data, prescribe combined hormonal contraceptives; (2) university health centers or clinics; or (3) charitable organizations providing reproductive healthcare services to women.

d.      Warner Chilcott shall provide certification to Class Counsel of its compliance with this provision on the one-, two-, and three-year anniversaries of the Effective Date, setting forth the value of the Warner Chilcott Products donated in the preceding year.

2.      Barr

a.      Barr shall donate one or more branded combined hormonal contraceptive products of its choosing (*e.g.*, Seasonique, Mircette, etc.) ("Barr Products") with a retail value of one million, five hundred thousand dollars ($1,500,000) throughout the United States within a three-year period to begin on the Effective Date.  Each of the products to be donated will be valued at their average retail price, as determined by an independent third party data source, for the one-year period preceding the donation or, if unavailable, the period since the product's launch..

b.      Barr shall pay all costs associated with the donation of the Barr Products, which shall be distributed by Barr in a manner of its choosing consistent with this Settlement Agreement.

c.      Barr shall in its discretion donate the Barr Products to one or more of the following: (1) primary care physicians not currently receiving samples of the Barr Products who, according to IMS data, prescribe combined hormonal contraceptives; (2) university health centers or clinics; or (3) charitable organizations providing reproductive healthcare services to women.

d.     Barr shall provide certification to Class Counsel of its compliance with this provision on the one-, two-, and three-year anniversaries of the Effective Date, setting forth the value of the Barr Products donated in the preceding year.

B.     Fees and Expense Fund ("Fees Fund")     Warner Chilcott and Barr shall each contribute five hundred and fifty thousand dollars ($550,000) as a Fees Fund to be deposited in the Escrow Account, for a total value of one million, one hundred thousand dollars ($1,100,000). Each Defendant shall wire their Fees Fund contribution into the Escrow Account on or before the day falling five (5) business days after the Court enters an order preliminarily approving the settlement. Class Counsel shall seek Court approval for reasonable fees and expenses incurred by Class Counsel in prosecuting the Action. Class Counsel shall be reimbursed and paid solely out of the Fees Fund for all expenses, including but not limited to, attorneys' fees and litigation expenses whether past, current, or future. Defendants shall not be liable for any costs, fees, or expenses of Lead Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Fees Fund. Warner Chilcott and Barr shall not object to Class Counsel's request for attorneys' fees and reimbursement of expenses up to the total amount of the Fees Fund.

C.     Notice and Claims Administration Fund ("Costs Fund")     Warner Chilcott and Barr shall each contribute fifty thousand dollars ($50,000) as a separate Costs Fund to be deposited in the Escrow Account, for a total value of one hundred thousand dollars ($100,000). Each Defendant shall wire their Costs Fund contribution into the Escrow Account on or before the day falling five (5) business days after the Court enters an order preliminarily approving the settlement. Subject to Court approval, from this Costs Fund shall be paid the costs to provide reasonable notice to potential members of the putative class, any claims administration expenses

and Court-approved incentive payments. Except as expressly provided in this Settlement Agreement, all administrative expenses associated with this Settlement Agreement including, but not limited to, the cost of direct notice, publication notice (if any), any incentive fees, all expenses associated with the escrowing of the Settlement Fund, and all Settlement Administrator costs, shall be paid out of the Costs Fund.

 D. <u>Incentive Payments to Lead Plaintiffs</u> Subject to Court approval, Class Counsel intends to seek $12,500 for each Lead Plaintiff ($25,000 in the aggregate) from the Costs Fund for their prosecution of this Action on behalf of the Class. To the extent that the approved incentive payments exceed the amount left in the Costs Fund, the difference shall be deducted from the Fees Fund.

## III. APPROVAL AND NOTICE

 A. <u>Reasonable Best Efforts to Effectuate This Settlement Agreement</u> The Parties to this Settlement Agreement and their counsel agree to undertake their reasonable best efforts to effectuate this Settlement Agreement, including cooperating in promptly seeking the Court's approval of procedures to secure certification of the Settlement Class and the prompt, complete, and final dismissal with prejudice of the Action as to Defendants. Pending final approval of this settlement, the Parties will cease and desist all litigation related activities with respect to each other, other than actions necessary to promptly conclude this matter or to implement or enforce this Settlement Agreement.

 B. <u>Motion for Preliminary Approval</u> No later than twenty (20) business days after execution of this Settlement Agreement, Class Counsel shall submit to the Court a motion for preliminary approval of the settlement as set forth in this Settlement Agreement. The parties shall afford each other a reasonable opportunity of no fewer than five business days to review and comment on draft motions and supporting papers relating to preliminary approval. The motion shall include the definition of the Settlement Class to be certified by the Court pursuant

to this Settlement Agreement, and the text of the foregoing definition shall be agreed upon by the Parties before submission of the motion.

C.    <u>Notice</u>    In the event that the Court preliminarily approves the terms set forth in this Settlement Agreement, Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's order, provide those members of the Class who have been identified by a reasonable search with notice by first class mail of the pendency of this Action, the conditional certification of the Class and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of the proposed settlement. Class Counsel shall take all necessary and appropriate steps to ensure that such notice is provided in accordance with the order of the Court. Notice to Class Members shall also be given by publication if ordered by the Court.

D.    <u>Costs of Notice</u>    All costs in connection with the dissemination of notice and any related expenses, as ordered by the Court, shall be paid out of the Costs Fund. Defendants shall have no responsibility, financial obligation, or liability whatsoever with respect to notice costs or expenses, except as expressly provided in this Settlement Agreement.

E.    <u>Motion for Final Approval</u>    At or before the final hearing, and upon the Court's approval of this Settlement Agreement, the Parties shall jointly present a final judgment order to the Court for entry, the text of which Lead Plaintiffs and Defendants shall agree upon. The parties shall afford each other a reasonable opportunity of no fewer than five business days to review and comment on draft motions and supporting papers relating to final approval. The text of the final judgment order presented to the Court shall, among other things:

    1.    finally approve the Settlement Agreement and its terms as fair, reasonable and adequate as to the Lead Plaintiffs and Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure;

    2.    direct the parties and their counsel to comply with and consummate the terms of the Settlement Agreement;

3.    declare the Settlement Agreement to be binding on all Class Members and preclusive on all pending and future lawsuits or other proceedings by Class Members;

4.    certify the Settlement Class for settlement purposes;

5.    find that the Class Notice and the Notice methodology implemented pursuant to this Settlement Agreement and the order preliminarily approving this Settlement Agreement:

    a.    constitute reasonable and the best practicable notice, reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, and the right to object to the proposed Settlement Agreement and appear at the Final Hearing; and

    b.    constitute due, adequate and sufficient notice to all persons and entities entitled to receive notice and meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws;

6.    find that the Lead Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

7.    dismiss the Action on the merits and with prejudice as to the Defendants, without fees or costs to any party, except as provided in this Settlement Agreement;

8.    incorporate the release set forth in this Settlement Agreement and forever discharge the Releasees from any and all Released Claims;

9.    bar and enjoin all Class Members from filing or continuing to prosecute any lawsuit, action, or arbitration against the Defendants in any jurisdiction based on or relating to the facts and circumstances underlying the Released Claims; and

10.    retain exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of this settlement.

F.    This Settlement Agreement shall become final on the Effective Date.

## IV.  RELEASE AND RESERVATION OF CLAIMS

A.    <u>Release</u>    In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, in the event that the Court gives Final Approval to this

Settlement Agreement, each Releasee shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, and liabilities of any nature whatsoever, including without limitation costs, expenses, fines, penalties and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or thereafter can, shall or may have, relating in any way to any conduct, act or failure to act, prior to the date of preliminary approval, concerning the purchase, sale, or pricing of Ovcon or any generic version of Ovcon, or relating to any conduct, act or failure to act, alleged in this Action including, without limitation, any such claims that have been asserted or could have been asserted based on the facts alleged in the operative complaint in this Action against the Releasees; provided however, that nothing herein shall act as a release of any claim that does not arise from or relate to the facts, matters, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act set forth, or alleged, or which could have been asserted or alleged by Lead Plaintiffs in this Action.  The claims covered by the foregoing release are referred to herein collectively as the "Released Claims." Each Releasor hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Releasee based in whole or in part on any Released Claims. In addition, each Releasor WAIVES CALIFORNIA CIVIL CODE SECTION 1542 AND SIMILAR PROVISIONS IN OTHER STATES.  RELEASORS CERTIFY THAT THEY ARE AWARE OF AND HAVE READ AND REVIEWED THE FOLLOWING PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542 ("SECTION 1542"):

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**

**KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."**

The provisions of the release set forth above shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Releasors hereby expressly waive and relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims, but each Releasor hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, the Released Claims, whether any Released Claim is known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, and finally and forever settles any and all Released Claims it may have under § 17200, *et seq.*, of the California Business and Professions Code.

B.    Reservation of Claims    The Class Members intend by this Settlement Agreement to settle with and release only the Releasees, and the parties do not intend this Settlement Agreement, or any part hereof, to release or otherwise affect in any way any rights Class Members have or may have against any other party or entity whatsoever other than the Releasees. In addition, the releases set forth above shall not release any claims for product liability, breach of contract, breach of warranty, personal injury or similar claims unrelated to the subject matter of the Released Claims.

## V. **PROCEDURE FOR EXCLUSION OR OBJECTION**

A.      Any potential member of the Settlement Class who has not validly excluded themselves from the Settlement Class shall be bound by all proceedings, orders and judgments in this Action, even if they have pending, or subsequently initiate, litigation against any or all of the Releasees asserting Released Claims.

B.      Any potential member of the Settlement Class who has not validly excluded themselves from the Class and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, must serve upon Class Counsel and the Defendants, and file with the Court, received by counsel and the Court no later than forty-five (45) calendar days after notice is mailed, or as the Court may otherwise direct, a statement of objection, as well as the specific reason(s), if any, for each objection, including any legal support the potential member of the Settlement Class wishes to bring to the Court's attention and any evidence the potential member of the Settlement Class wishes to introduce in support of the objection.  Potential members of the Settlement Class may do so either on their own or through an attorney hired at their own expense.

C.      Any such potential member of the Settlement Class who files and serves a written objection, as described above, may appear at the final hearing, either in person, or through personal counsel hired at the potential member of the Settlement Class's expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement.  Potential members of the Settlement Class, or their attorneys, intending to make an appearance at the final hearing, must serve on Class Counsel and Defendants, and file with the Court, received by counsel and the Court no later than forty-five (45) calendar days after notice is mailed, or as the Court may direct, a notice of intention to appear.

D.      Any potential member of the Settlement Class who fails to comply with the provisions of the preceding Paragraphs B and C shall waive and forfeit any and all rights the potential member of the Settlement Class may have to appear separately and/or to object, and

shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders and judgments in this Action.

## VI. **TERMINATION OF THE SETTLEMENT AGREEMENT**

     A.    This Settlement Agreement and the proposed settlement shall terminate:

     1.    At the sole option and discretion of any of the Parties if the Court, or any appellate court(s), rejects, modifies or denies approval of any portion of the Settlement Agreement or any exhibit to the Settlement Agreement, that any counsel in their sole judgment and discretion reasonably determine to be material; or

     2.    At the sole option and discretion of any of the Parties if the Court, or any appellate court(s), does not enter or completely affirm any portion of the Proposed Final Order and Judgment, that any counsel in their sole judgment and discretion reasonably believe to be material; or

     a.    A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Fees Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or such final judgment order.

     3.    As, memorialized in a separate confidential letter agreement ("Confidential Letter") between Class Counsel and Defendants' Counsel, the Defendants, may, at their option, terminate this Settlement Agreement if a fixed number of Class Members greater than a certain agreed-upon percentage of the Settlement Class excludes themselves from this settlement. The Parties agree to negotiate in good faith to determine whether the agreed-to percentage has been exceeded. If the Parties cannot agree to resolve the matter through negotiation, then the Parties shall submit the issue to the Court for resolution. The Court's decision shall be final and non-appealable.

B.      The terminating party must exercise the option to withdraw from and terminate this Settlement Agreement by written notice to all other parties to this Settlement Agreement no later than five (5) business days after receiving notice of the event prompting the termination.

C.      If an option to withdraw from and terminate the Settlement Agreement arises under any provision in this section, and the Settlement Agreement is appropriately terminated, then:

1.      this Settlement Agreement shall be null and void and shall have no force or effect, and no party to this Settlement Agreement shall be bound by any of its terms, except for the terms of this Section;

2.      this Settlement Agreement, all of its provisions, and all negotiations, statements and proceedings related to it shall be without prejudice to the rights of the Parties or any putative Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Settlement Agreement;

3.      neither this Settlement Agreement nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever;

4.      any order or judgment entered after the date of this Settlement Agreement pursuant to the terms hereof, will be vacated and will be without any force and effect;

5.      all rights and defenses asserted or maintainable by the party shall be restored without prejudice as if this Settlement Agreement had never been entered into; and

6.      the Costs and Fees Funds, net of: (i) any taxes paid, or due to be paid; (ii) costs paid or incurred for administering the settlement; and (iii) costs paid or incurred for providing notice to the Class, shall be returned by the Escrow Agent to Defendants.

## VII. TAXES

A.      Class Counsel (1) shall be solely responsible for filing, and shall timely file or cause the Escrow Agent to timely file, all informational and other tax returns (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. Section 1.468B-2(1)) relating to the Fees Fund, the Costs Fund, and/or the Escrow Account

that are required to be filed; (2) shall be solely responsible for making, and shall timely make or cause the Escrow Agent to timely make, any tax payments, including interest and penalties, required to be made by the Fees Fund, the Costs Fund and/or the Escrow Account. The Escrow Agent shall be, for purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Fees Fund, the Costs Fund and/or the Escrow Account. Defendants shall have no responsibility to make any filings relating to the Fees Fund, the Costs Fund, and/or the Escrow Account and shall have no responsibility to pay tax on any income earned by the Fees Fund, the Costs Fund, and/or the Escrow Account or to pay any taxes in respect of the Fees Fund, the Costs Fund, and/or the Escrow Account unless the settlement is not consummated and the Fees Fund, the Costs Fund, and/or the Escrow Account are returned to Defendants. In the event the settlement is not consummated, Defendants shall be responsible for the payment of all taxes (including any interest or penalties) on said interest income.

B.      The parties to this Settlement Agreement, their counsel, the Escrow Agent, and the Court shall treat, Fees Fund, the Costs Fund, and/or the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1 for all periods on and after the later of (i) the date of initial funding of the Fees Fund, the Costs Fund, and/or the Escrow Account and (ii) the date of the Court order approving this Settlement Agreement. The parties, their counsel, the Escrow Agent, and the Court agree to take no action inconsistent with the treatment of the Fees Fund, the Costs Fund, and/or the Escrow Account in such manner. In addition, the Escrow Agent and, as required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined by Treas. Reg. Section 1.468B-1) back to the earliest permitted date. Such

elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent timely and properly to prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Fees Fund, the Costs Fund, and/or the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1.

## VIII. MISCELLANEOUS

A.    No Admissions    Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority present or future, by the Defendants. Neither this Settlement Agreement, nor any of its provisions, nor any statement or document made or filed in connection herewith, shall be filed, offered, received in evidence or otherwise used in any action or proceeding or any arbitration, except in connection with approval, carrying out and/or enforcement of this Settlement Agreement and all proceedings incident thereto, including without limitation requests for attorneys' fees, costs and disbursements and compensation to the Class.

B.    Consent to Jurisdiction    The Parties, and their respective counsel, hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement, the applicability of this Settlement Agreement or any issue related to fees and costs.

C.    Resolution of Disputes; Retention of Jurisdiction    Any disputes between or among the Parties and/or any Class Member concerning matters contained in this Settlement Agreement shall, if they first cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement.

D.    <u>Enforcement of Settlement Agreement</u>    Notwithstanding paragraph A above, this Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding against the Defendants that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

E.    <u>Binding Effect</u>    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

F.    <u>No Party Is the Drafter</u>    None of the parties shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter hereof.

G.    <u>Choice of Law</u>    All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the District of Columbia without regard to its choice of law or conflict of laws principles.

H.    <u>Amendment; Waiver</u>    This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.

I.    <u>Execution in Counterparts</u>    This Settlement Agreement may be executed in counterparts.  Facsimile signatures shall be considered as valid signatures as of the date thereof.

J.    <u>Integrated Agreement</u>    This Settlement Agreement, along with the above-referenced Confidential Letter, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties.

K.     <u>Construction</u>     This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Settlement Agreement, for a complete resolution of the Released Claims with respect to the Releasees.

M.     <u>Notice</u>     Any and all notices intended for any party to this Settlement Agreement shall be in writing and shall be sent by fax and postage prepaid mail as follows:

> <u>To Plaintiffs</u>:
> Kevin B. Love, Esq.
> Hanzman, Criden & Love, P.A.
> 7301 S.W. 57th Court - Suite 515
> South Miami, Florida 33143
> Telephone: (305) 357-9000
> Facsimile:   (305) 357-9050
>
> *Counsel for Plaintiffs and the Class*
>
> <u>To the Defendants</u>:
>
> Peter C. Thomas, Esq.
> Simpson Thacher & Bartlett LLP
> North Building
> 601 Pennsylvania Avenue, N.W.,
> Washington D.C. 20004
> Telephone: (202) 220-7700
> Facsimile: (202) 220-7702
>
> *Counsel for Warner Chilcott*
>
> Karen N. Walker, Esq.
> Mark L. Kovner, Esq.
> Kirkland & Ellis LLP
> 655 Fifteenth Street, N.W.
> Washington D.C. 20005
> Telephone: (202) 879-5000
> Facsimile:  (202) 879-5200
>
> *Counsel for Barr*

IN WITNESS WHEREOF, the parties hereto, through their fully authorized

representatives, have executed this Settlement Agreement as of the last date written below.

_____                    MAY 15, 2007
Kevin B. Love, Esq.                                   Date
Joshua Migdal, Esq.
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court - Suite 515
South Miami, Florida 33143

*Counsel for Lead Plaintiffs
and the Proposed Class*


_____                    _____
Peter C. Thomas, Esq.                                 Date
Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, N.W., North Building
Washington D.C. 20004

*Counsel for Warner Chilcott*


_____                    _____
Karen N. Walker, Esq.                                 Date
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005

*Counsel for Barr*

IN WITNESS WHEREOF, the parties hereto, through their fully authorized

representatives, have executed this Settlement Agreement as of the last date written below.

_____                    _____
Kevin B. Love, Esq.                             Date
Joshua Migdal, Esq.
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court - Suite 515
South Miami, Florida 33143

*Counsel for Lead Plaintiffs*
*and the Proposed Class*

_____                    5/15/07
Peter C. Thomas, Esq.                           Date
Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, N.W., North Building
Washington D.C. 20004

*Counsel for Warner Chilcott*

_____                    _____
Karen N. Walker, Esq.                           Date
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005

*Counsel for Barr*

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Settlement Agreement as of the last date written below.

_____          _____
Kevin B. Love, Esq.                                           Date
Joshua Migdal, Esq.
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court - Suite 515
South Miami, Florida 33143

*Counsel for Lead Plaintiffs
and the Proposed Class*


_____          _____
Peter C. Thomas, Esq.                                        Date
Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, N.W., North Building
Washington D.C. 20004

*Counsel for Warner Chilcott*


_____          *May 15, 2007*
Karen N. Walker, Esq.                                     Date
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005

*Counsel for Barr*