IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC. and UNITED
FOOD AND COMMERCIAL WORKERS
CENTRAL PENNSYLVANIA HEALTH
AND WELFARE FUND, on behalf of themselves       05 Civ. 2327 (CKK)
and all others similarly situated,

          **Plaintiffs,**

v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORP.,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC. and BARR
PHARMACEUTICALS, INC.,

          **Defendants.**
_____/

## ORDER AND FINAL JUDGMENT

The Court has considered the Settlement Agreement[1] between Plaintiffs Vista Healthplan, Inc. and United Food and Commercial Workers Central Pennsylvania and Regional Health and Welfare Fund (collectively, "Plaintiffs") and Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc. and Warner Chilcott Company, Inc. (collectively, "Warner Chilcott") and Barr Pharmaceuticals, Inc. ("Barr") (collectively, together with Plaintiffs, the "Parties"), Plaintiffs' Motion for Final Approval of Settlement, and has held a duly-noticed Fairness Hearing on November 6, 2007.

---

[1] Terms used in this Order and Final Judgment that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order and Final Judgment as defined in the Settlement Agreement.

The Court, having carefully considered all of the submissions filed in connection with the Motion for Final Approval, as well as the oral presentations of counsel at the Fairness Hearing holds that:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. This Court has jurisdiction over this Action and each of the Parties to the Settlement Agreement.

*Notice*

2. In full compliance with this Court's June 27th Order (and as supported by the Affidavit of Charlene Young): (1) Notices of the Settlement Agreement were mailed by first-class mail to all Class Members whose addresses could be obtained with reasonable diligence and to all potential Class Members who requested a copy; and (2) Summary Notice was published in National Underwriter: Life & Health/Financial Services Edition and posted continuously on the Internet. Such notice to members of the Class is hereby determined to be fully in compliance with the requirements of Rule 23(e) and due process. Such notice is also found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

3. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the Fairness Hearing, it is hereby determined that all Class Members are bound by this Order and Final Judgment, as described herein.

*Settlement Consideration*

4. As set forth in more detail in the Settlement Agreement, each Defendant has agreed to donate one or more branded oral contraceptives products with a retail value of $1,500,000 (for a

total of $3,000,000) to, among others, charitable organizations and university health centers and clinics. In addition, the Defendants have paid $1,100,000 into a Fees Fund to pay Class Counsel's reasonable fees and costs associated with prosecuting this Action and have paid $100,000 into a Costs Fund that was used to pay for costs associated with notice to Class Members and settlement administration.

5. The Court held a Fairness Hearing on November 6, 2007, to consider the fairness, reasonableness and adequacy of the proposed settlement. The Court has considered Class Counsel's Motion for Final Approval, the argument of counsel at the Fairness Hearing, and the one objection to the Settlement Agreement. With regard to the lone objection, the Court finds that though well-intentioned, the objection does not alter the finding that, under the circumstances, the Settlement of this Action is fair, reasonable and adequate.

6. The settlement, as provided for by the Settlement Agreement, is hereby approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class as a whole and in satisfaction of Rule 23 and due process requirements. The settlement of this Action was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's length negotiations conducted in good faith between Plaintiffs, Class Counsel, Warner Chilcott and Barr.

7. All claims in this Action against Warner Chilcott and Barr are hereby dismissed with prejudice, and without costs, except as provided in the Settlement Agreement and herein.

### *Release*

8. The Releasees shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, and liabilities of any nature

whatsoever, including without limitation, costs, expenses, fines, penalties and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, which Releasors, other than those persons and entities identified in Exhibit "A," or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or thereafter can, shall or may have, relating in any way to any conduct, act or failure to act, prior to June 27, 2007, concerning the purchase, sale or pricing of Ovcon 35 or any generic version of Ovcon 35, or relating to any conduct, act or failure to act, alleged in the Action including, without limitation, any such claims that have been asserted or could have been asserted based on the facts alleged in the operative complaint filed in the Action against the Releasees; provided however, that nothing herein shall act as a release of any claim that does not arise from or relate to the facts, matters, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act set forth, or alleged, or which could have been asserted or alleged by Plaintiffs in the Action. The claims covered by the foregoing release are referred to herein collectively as the "Released Claims."

9. Each Releasor, other than those persons and entities identified in Exhibit "A," shall not hereafter file or continue to prosecute any lawsuit, action, or arbitration against any Releasee in any jurisdiction based on or relating to the facts and circumstances underlying the Released Claims.

10. In addition, each Releasor, other than those persons and entities identified in Exhibit "A," is hereby deemed expressly to have waived and released, with respect to the Released Claims, any and all provisions, rights and benefits conferred by: (1) § 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known

>by him must have materially affected his settlement
>with the debtor;

(2) § 17200, et seq., of the California Business and Professional Code; and (3) any similar state, federal or other laws, rules or regulations or principles of common law. Each Releasor may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims, but each Releasor shall hereby be deemed to have expressly waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts.

11.   The Releasors shall not have released or otherwise affected in any way any rights they may have against any other party or entity whatsoever other than the Releasees. In addition, the release herein shall not release any claims for product liability, breach of contract, breach of warranty, personal injury or similar claims unrelated to the subject matter of the Released Claims.

### *Class Certification*

12.   In its June 27, 2007 Order, the Court conditionally certified the following Class for the purpose of settlement under Rules 23(a) and 23(b)(3):

>All Third Party Payors in the United States who purchased, reimbursed, and/or paid for Ovcon 35 at any time from April 22, 2004, through June 27, 2007. Excluded from the Class are Defendants, their subsidiaries, affiliates, officers and directors, and government entities.
>
>"Third Party Payor" shall mean any non-governmental entity that: (1) is a party to a contract, issuer of a policy, or sponsor of a plan, which contract, policy or plan provides prescription drug coverage to natural persons, and (2) is also at risk, pursuant to such contract, policy or

plan, or to pay or reimburse all or part of the cost of prescription drugs dispensed to natural persons covered by such contract, policy, or plan.

A self-funded health benefit plan for employees of a government entity that satisfies the definition of "Third Party Payor" shall not be considered a "government entity."

13. The Court affirms its prior Class Certification, which was conditional pending further review, and finds that: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of both law and fact common to the Class; (3) the Class Plaintiffs' claims are typical of the claims of all members of the Class; and (4) the named Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class, all pursuant to Rule 23(a). The Court additionally finds that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy, pursuant to Rule 23(b)(3). This Class is now finally certified for settlement purposes.

14. The Class Members listed in Exhibit "A" attached hereto have requested exclusion from the Class Settlement. Based on the Affidavit of CCS's Charlene Young, the Court finds that these Class Members have properly excluded themselves, and therefore shall not be governed by the releases included in the Settlement Agreement or this Order and Final Judgment.

### *Fees, Costs and Incentive Awards*

15. Pursuant to the Settlement Agreement, Warner Chilcott and Barr each contributed $550,000 to a Fees Fund to pay Class Counsel reasonable fees and costs associated with prosecuting this Action, for a total value of $1,100,000. Class Counsel has represented to the Court that they have expended, collectively, 4,575.40 hours for a current lodestar of $1,550,110. Class Counsel has

also represented that it has incurred $225,350.43 in reasonable expenses. After subtracting the $225,350.43 in expenses, the Fees Fund would be reduced to approximately $875.000. Payment of the $875,000 from the Fees Fund amounts to 56.45% of Class Counsel's collective lodestar.

16. Based on the above, my careful review of the case file, and the fact that there have been no objections to the amount of Class Counsel's fee and costs request, the Court finds that a $1.1 million payment by Defendants to Class Counsel for its fees and costs in this matter is fair and reasonable. The Fees Fund shall be allocated by Lead Counsel among Class Counsel based on Lead Counsel's assessment of the relative contribution of other counsel to the prosecution of this Action on behalf of the Class.

17. Warner Chilcott and Barr also each contributed $50,000 to a separate Costs Fund, for a total of $100,000. The Parties agreed that costs related to the Notice, settlement administration expenses, and Court-approved incentive payments would all be paid from the Costs Fund, with any remaining funds to be added to the Fees Fund. Class Counsel has already paid $59,127.33 to the Settlement Administrator for expenses related to the Notice and settlement administration. Class Counsel now seeks Court approval to pay $12,500 incentive awards to each lead plaintiff from the Costs Fund for prosecuting this Action on behalf of the Class. The Court finds that the request for incentive awards is fair and reasonable and therefore direct Lead Counsel to pay each lead plaintiff $12,500 as an incentive award from the Costs Fund. Any remaining funds in the Costs Fund after the incentive awards (and other expenses related to settlement administration) have been paid shall be disbursed pursuant to the terms of the Settlement Agreement.

*Miscellaneous*

18.     Neither this Order and Final Judgment, the Settlement Agreement, nor any of its provisions, nor any statement or document made or filed in connection with the Settlement Agreement, shall be construed as an admission in any action or proceeding of any kind whatsoever against any Releasee or Releasor.  Moreover, neither the Settlement Agreement, nor any of its provisions, nor any statement or document made or filed in connection with the Settlement Agreement, shall be filed, offered or received in evidence or otherwise used in any action, proceeding or any arbitration, except as expressly set forth in the Settlement Agreement.

19.     Without in any way affecting the finality of this Order and Final Judgment, the Court hereby retains exclusive jurisdiction over this Action until the Settlement Agreement has been consummated.

20.     The Parties and their counsel are hereby ordered to comply with and consummate the terms of the Settlement Agreement.

**SO ORDERED** this the _____ day of _____, 2007.

_____
**THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE**

L:\103\Final Approval\Final Judgment Rev.wpd

Exclusion List  Case 1:05-cv-02327-CKK   Document 101-2   Filed 10/23/2007   Page 9 of 10  09/17/2007 12:22 PM
PROJECT: Ovcon35 - Database: ovcn                                                            Page 1 of 2
Report Criteria: None - Filter Exp = exclusions_excl_idno <> 50 and exclusions_excl_idno <> 52    Report ID :EXC14000

# EXHIBIT A

| EXCL ID | TAX ID | FULL NAME | CITY | ST |
|---|---|---|---|---|
| 1 | 38-2786141 | GLOBAL TECHNOLOGY ASSOCIATES LTD | DEARBORN | MI |
| 2 | 48-0908689 | RAGE INC | WICHITA | KS |
| 3 | 52-0972610 | DM BOWMAN INC | WILLIAMSPORT | MD |
| 4 | 37-0915434 | RLI CORP | PEORIA | IL |
| 5 | 11-3153422 | NEW YORK STATE CATHOLIC HLTH PLAN | REGO PARK | NY |
| 6 | 13-3357852 | CENTERCARE INC | REGO PARK | NY |
| 7 | 36-2141703 | THE PIPE FITTERS WELFARE FUND | CHICAGO | IL |
| 8 | 44-0272180 | HALLMARK CARDS INC | KANSAS CITY | MO |
| 9 | 39-1263473 | HUMANA INC | WHITE PLAINS | NY |
| 10 | 39-1545987 | HEALTH TRADITION HEALTH PLAN | LA CROSSE | WI |
| 11 |  | WALGREEN | MIAMI | FL |
| 12 |  | ECKERD CORPORATION | MIAMI | FL |
| 13 |  | MAXI DRUG INC DBA BROOKS PHARMACY | MIAMI | FL |
| 14 |  | THE KROGER CO | MIAMI | FL |
| 15 |  | ALBERTSON'S | MIAMI | FL |
| 16 |  | SAFEWAY INC | MIAMI | FL |
| 17 |  | HY VEE INC | MIAMI | FL |
| 18 | 16-1574525 | ENERGY EAST MANAGEMENT CORPORATION | ROCHESTER | NY |
| 19 | 51-0023450 | HERCULES INCORPORATED | WILMINGTON | DE |
| 20 | 56-0894904 | BCBS OF NORTH CAROLINA | DURHAM | NC |
| 21 | 56-1492069 | PARTNERS NATIONAL HEALTH PLANS OF NC | DURHAM | NC |
| 22 | 74-6000098 | ERS OF TEXAS | AUSTIN | TX |
| 23 | 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 | BCBS ALABAMA | BIRMINGHAM | AL |
| 24 | 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 | TRAILBLAZER HEALTH ENTERPRISES LLC | DALLAS | TX |
| 25 | 36-2154936 | CENTRAL STATES SE & SW AREAS | DES PLAINES | IL |
| 26 |  | RITE AID CORPORATION | HARRISBURG | PA |
| 27 | 74-1563240 | SOUTHWEST AIRLINES CO | DALLAS | TX |
| 28 | 52-1328557 | THE NATIONAL CENTER FOR MISSING | ALEXANDRIA | VA |
| 29 | 63-0103830 | BCBS ALABAMA FOR ITSELF & | BIRMINGHAM | AL |
| 30 | 38-2069753 | BCBS MICHIGAN INCLUDING ITS WHOLLY OWNED | BIRMINGHAM | AL |
| 31 |  | CAREMARK LLC | HARRISBURG | PA |
| 32 | 93-1179316 | THE REGENCE GROUP | PORTLAND | OR |
| 33 | 23-2414041 | QVC INC FKA QVC NETWORK INC | WEST CHESTER | PA |
| 34 | 36-1236610 | HEALTH CARE SERVICE CORPORATION | RICHARDSON | TX |
| 35 | 93-0756509 | INTL ASSOC OF MACHINISTS NW WLFR FUND | PORTLAND | OR |
| 36 | 32-2145715 | WELLPOINT | MILWAUKEE | WI |
| 37 | 39-0658730 | ASSURANT HEALTH | LOUISVILLE | KY |
| 38 | 59-2742907 | AVMED | LOUISVILLE | KY |
| 39 | 62-0427913 | BCBS TENNESSEE | LOUISVILLE | KY |
| 40 | 52-2069215 | CAREFIRST BCBS | LOUISVILLE | KY |
| 41 | 13-5511997 | GROUP HEALTH INC | LOUISVILLE | KY |
| 42 | 13-1828429 | HIP HEALTH PLAN OF NEW YORK | LOUISVILLE | KY |
| 43 | 38-3085182 | PRIORITY HEALTH | LOUISVILLE | KY |
| 44 | 38-2663747 | CARE CHOICES | LOUISVILLE | KY |
| 45 | 84-0467907 | GREAT-WEST LIFE & ANNUITY INS CO | LOUISVILLE | KY |

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Complete Claim Solutions.

Exclusion List  
Case 1:05-cv-02327-CKK   Document 101-2   Filed 10/23/2007   Page 10 of 10   09/17/2007 12:22 PM  
PROJECT: Ovcon35 - Database: ovcn  
Page 2 of 2  
Report Criteria: None - Filter Exp = exclusions_excl_idno <> 50 and exclusions_excl_idno <> 52  
Report ID :EXC14000

| EXCL ID | TAX ID | FULL NAME | CITY | ST |
|---|---|---|---|---|
| 46 | 71-0747497 | HMO PARTNERS DBA HEALTH ADVANTAGE | LITTLE ROCK | AR |
| 47 | 71-0226428 | ARKANSAS BCBS | LITTLE ROCK | AR |
| 48 | 71-0505232 | USABLE LIFE | LITTLE ROCK | AR |
| 49 | 59-3650609 | ST VINCENT'S HEALTH SYSTEM | JACKSONVILLE | FL |
| 51 | 06-6033492 | AETNA INC | BLUE BELL | PA |

TOTAL NUMBER OF EXCLUSIONS: 50

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Complete Claim Solutions.