IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC. and UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORP., WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC. and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | 05 Civ. 2327 (CKK) |

_____/

AFFIDAVIT OF CHARLENE YOUNG REGARDING
MAILING OF NOTICE OF PENDENCY OF CLASS
ACTION, PROPOSED SETTLEMENT AND FAIRNESS HEARING

STATE OF FLORIDA      )
                     ) ss:
COUNTY OF PALM BEACH )

CHARLENE YOUNG, being duly sworn, deposes and says as follows:

1. I submit this Affidavit in order to provide the Court and the parties to the above-captioned action with information regarding the mailing of the Notice of Pendency of Class Action, Proposed Settlement and Fairness Hearing ("Notice"). I am over the age of 21 years and not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify competently thereto.

2.    I am the Notice and Administration Manager for Complete Claim Solutions, LLC ("CCS"). CCS was retained as the Settlement Administrator by the Lead Counsel to assist in the process of providing notice to potential Class Members in this action. These Class Members are Third-Party Payors ("TPPs") such as health insurance companies and the prescription drug benefit plans of self-insured groups.

3.    CCS has served as Settlement Administrator for classes of other TPP Prescription Drug Antitrust Cases including *In re Lorazepam and Clorazepate Antitrust Litigation* (MDL No. 98-1232); *In re Cardizem CD Antitrust Litigation* (MDL No. 1278); *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.* (Civil Action No. 1:01CV01295 (EGS) (AK)); *In re: Lupron® Marketing and Sales Practices Litigation* (MDL No. 1430); *In re: Terazosin Hydrochloride Antitrust Litigation* (MDL Docket No. 1317); *In re Warfarin Sodium Antitrust Litigation* (MDL No. 98-1232 (SLR)); and *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation* (Docket No. 2:02cv442).

4.    CCS maintains a mailing database of approximately 41,561 potential TPP Class Members and record keepers (the "CCS TPP Mailing Database") which consists of membership listings and existing databases from the following sources:

    a) Pharmacy Benefit Management Institute;
    b) Health Insurance Association of America;
    c) Benefits Sourcebook;
    d) Managed Care Information Centers;
    e) Judy Diamond Associates;
    f) A.M. Best Company;

      g) Association of Managed Care Providers;

      h) Society of Professional Benefit Administrators;

      i) American Association of Health Plans;

      j) Self Insurers Institute of America;

      k) National Association of Insurance Commissioners; and

      l) Society of Professional Benefit Administrators.

5. CCS developed the CCS TPP Mailing Database in March 2001 as a proprietary mailing database and it is maintained and regularly updated by CCS to be used in notifying TPP Class Members in settlements of large pharmaceutical antitrust litigations, including: *In re Warfarin Sodium Antitrust Litigation* (MDL No. 98-1232); *In re Lorazepam and Clorazepate Antitrust Litigation* (MDL No. 1290); *In re Terazosin Hydrochloride Antitrust Litigation* (MDL No. 1317); *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.* (Civil Action No. 1:01CV01295 (EGS) (AK)); *In re: Lupron® Marketing and Sales Practices Litigation* (MDL No. 1430); *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation* (Docket No. 2:02cv442); and *In re Cardizem CD Antitrust Litigation* (MDL No. 1278). CCS continues to update the CCS TPP Mailing Database with changes of address and additional TPP Class members and record keepers as they are identified in subsequent settlements.

6. Pursuant to the Court's Order Conditionally Certifying Settlement Class and Preliminarily Approving Settlement dated June 27, 2007 (the "Preliminary Approval Order"), CCS caused Notices to be printed, and on July 13, 2007 the Notices were mailed to 41,561 potential TPP Class Members, using the CCS TPP Mailing Database. A copy of the Notice is attached hereto as Exhibit 1.

7. Pursuant to the Court's Preliminary Approval Order, CCS caused the Summary Notice to be published in the July 23, 2007 issue of <u>National Underwriter: Life & Health/Financial Services Edition.</u> A copy of the published Summary Notice is attached hereto as Exhibit 2.

8. CCS has acted as a repository for inquiries and communications from potential Class Members. Pursuant to the Preliminary Approval Order, CCS established a Post Office Box, a toll-free telephone "hotline," and a website.

9. As of September 17, 2007, CCS has received approximately 57 telephone calls to the hotline, of which approximately 24 callers requested to speak to a live operator. As a result, Notices have been mailed to 12 potential TPP Class Members.

10. As of September 17, 2007, 56 Notices have been returned by the United States Postal Service ("USPS") as undeliverable with forwarding addresses. These Notices have been mailed to the new addresses.

11. As of September 17, 2007, 269 Notices have been returned to CCS by the USPS as undeliverable without forwarding addresses. CCS submitted these addresses to Accurint, an address research firm. Accurint was able to locate 87 new addresses and CCS subsequently mailed Notices to the 87 new addresses.

12. As of September 17, 2007, a total of 41,716 Notices have been mailed to potential TPP Class Members.

13. As mentioned in ¶8 above, CCS developed and maintains a website (www.completeclaimsolutions.com/ovcon35/). The website was "live" as of July 16, 2007 and as of September 17, 2007, the website has received 594 visits. Additionally, CCS created an email address (ovcon35info@completeclaimsolutions.com) which was "live" as of July 16, 2007 and has received 3 emails as of September 17, 2007.

14. Pursuant to the Preliminary Approval Order, Requests for Exclusion were to be received no later than August 27, 2007. As of September 17, 2007, CCS has received 52 timely Requests for Exclusions from TPPs, of which two (2) were duplicates. A list of the 50 Requests for Exclusion is attached hereto as Exhibit 3.

15. I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Charlene Young

Sworn to before me this 20th
day of September, 2007.

_____
Notary Public



Notary Public State of Florida
Tonette M Fiaschi
My Commission DD516259
Expires 04/22/2010

# EXHIBIT 1

---

*United States District Court – District of Columbia*

## If You Are A Third-Party Payor that Paid or Reimbursed for All or Part of the Cost of Ovcon 35,

### A Proposed Class Action Settlement May Affect Your Rights

---

## Notice of Pendency of Class Action, Proposed Settlement and Fairness Hearing

*A Court has authorized this Notice. It is not a solicitation from a lawyer.*
*You are not being sued.*

- There is a proposed Settlement in a class action lawsuit. The name of the lawsuit is *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, No. 1:05-CV-02327 (CKK). The case is pending in the United States District Court for the District of Columbia. Vista Healthplan, Inc. and United Food and Commercial Workers Central Pennsylvania and Regional Health and Welfare Fund are the "Plaintiffs" or "Class Representatives" in the lawsuit.

- The lawsuit claims that Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc. ("Warner Chilcott") and Barr Pharmaceuticals, Inc. ("Barr") (the "Defendants") entered into an agreement not to compete in the sale of Ovcon 35. The lawsuit claims that this caused Third-Party Payors ("TPPs") to pay more than they should have for Ovcon 35.

- To settle the lawsuit, the Defendants have agreed to collectively donate $3 million worth of hormonal contraceptive products to charitable organizations and others approved by the Court.

## A Summary of Your Rights and Choices:

| You May: | | Due Date: |
|---|---|---|
| **Remain in the Class** | *Stay in the Lawsuit* <br> If you wish to stay in the Class, you don't need to do anything. You will not be able to sue the Defendants for the claims in this lawsuit and you will be bound by the Court's orders about the proposed Settlement. **See Questions 8 & 9.** | *N/A* |
| **Exclude Yourself** | *Get out of the Class* <br> You can write and ask to get out of the Class and keep your right to sue the Defendants on your own about the claims in the lawsuit. **See Questions 10 & 11.** | *Received No Later Than August 27, 2007* |
| **Object to the Proposed Settlement** | *Object or Comment on the Proposed Settlement* <br> If you don't exclude yourself, you can appear and speak in the lawsuit on your own or through your own lawyer or submit a written response to object or comment on the proposed Settlement. **See Questions 12 & 13.** | *Received No Later Than August 27, 2007* |

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**
1. Why did I get this Notice? ..................................................................................................3
2. What is the lawsuit about? ...................................................................................................3
3. Why is this a class action? ...................................................................................................3
4. Why is there a Proposed Settlement? ..................................................................................3
5. Who is a Class Member? .....................................................................................................3
6. How do I know if I am included in the Proposed Settlement? ............................................3

**BENEFITS OF THE PROPOSED SETTLEMENT – WHAT YOU GET**
7. What does the Proposed Settlement provide? .....................................................................4

**REMAINING IN THE CLASS**
8. What happens if I do nothing and stay in the Class? ..........................................................4
9. What entities am I releasing? ...............................................................................................5

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT CLASS**
10. What do I do if I don't want to be in the Proposed Settlement? .........................................5
11. How do I exclude myself from the Class? ..........................................................................5

**COMMENTING ON THE PROPOSED SETTLEMENT**
12. Can I object to or comment on the Proposed Settlement? ..................................................5
13. What is the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? ................................................................6

**THE LAWYERS REPRESENTING YOU**
14. Do I have a lawyer representing my interests in this case? ................................................6
15. How will the lawyers be compensated? ..............................................................................6
16. Should I get my own lawyer? ..............................................................................................6

**THE COURT'S FAIRNESS HEARING**
17. When and where will the Court decide on whether to grant final approval of the Proposed Settlement? ...........................................................................................................7
18. Must I attend the Fairness Hearing? ....................................................................................7
19. May I speak at the Fairness Hearing? .................................................................................7

**GETTING MORE INFORMATION**
20. Where do I obtain more information? .................................................................................7

## BASIC INFORMATION

### 1. Why Did I Get This Notice?

You received this Notice because you are a Third-Party Payor ("TPP") that may have made payments or reimbursements for Ovcon 35 between April 22, 2004 and June 27, 2007. You may also have received this Notice because you requested this Notice after seeing the Summary Notice in a publication.

This Notice explains:
- What the lawsuit is about and what the Defendants say about the claims.
- Who is affected by the Proposed Settlement.
- Who represents the Class in the lawsuit.
- What your legal rights and choices are.
- How and by when you need to act.

### 2. What Is The Lawsuit About?

The lawsuit claims that the Defendants entered into an agreement not to compete in the sale of Ovcon 35. The lawsuit claims that this Agreement caused TPPs to pay more than they should have for Ovcon 35. Warner Chilcott and Barr have both denied any wrongdoing or liability. The proposed Settlement is not an admission of wrongdoing or an indication that any law was violated. The Defendants have entered into this proposed Settlement solely to avoid further expense, inconvenience, and the burden of this litigation.

### 3. Why Is This A Class Action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members." The Court must determine if it will allow the lawsuit to proceed as a class action. If it does, a trial of the claims then decides the lawsuit for everyone in the class or the parties may settle without a trial. Here, the Class Representatives and Warner Chilcott and Barr have agreed to a proposed Settlement. The Court has preliminarily approved the proposed Settlement for a class of entities that paid or reimbursed for all or part of the cost of Ovcon 35.

### 4. Why Is There A Proposed Settlement?

A settlement is the resulting agreement between a plaintiff and defendant following extended negotiations. Settlements conclude litigation but are not a result of a court ruling in favor of the plaintiff or defendant. A settlement enables both parties to avoid the cost and risk of a trial, and ultimately establish a just, fair and final resolution that is best for all involved. In a class action, the class representatives and their attorneys make the determination that the settlement is the best result for all class members and the Court is asked to approve the settlement as fair, reasonable and adequate. If the Court approves the settlement, the defendants are then released from any liability based upon the alleged wrongful conduct that is the subject of the litigation.

In this case, the Class Representatives and their attorneys and Defendants Warner Chilcott and Barr have engaged in extensive, arm's-length negotiations regarding the issues presented in the litigation and the possible terms of a settlement. The Class Representatives and their attorneys both believe that the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class.

### 5. Who Is A Class Member?

The Class includes all Third-Party Payors in the United States who purchased, reimbursed, and/or paid for Ovcon 35 at any time from April 22, 2004 through June 27, 2007.

Excluded from the Class are Defendants, their subsidiaries, affiliates, officers and directors, and government entities.

### 6. How Do I Know If I Am Included In The Proposed Settlement?

Unless you exclude yourself as described in Question 11 of this Notice, you are a member of the Class and will be included in the Proposed Settlement if you are:
- A "Third-Party Payor" that paid or reimbursed for Ovcon 35 at any time from April 22, 2004 through June 27, 2007.

"Third-Party Payors" shall mean any non-governmental entity that is: (i) a party to a contract, issuer of a policy, or sponsor of a plan, which contract, policy, or plan provides prescription drug coverage to natural persons; and (ii) is also at risk, pursuant to such contract, policy, or plan to provide prescription drug benefits, or to pay or reimburse all or part of the cost of prescription drugs dispensed to natural persons covered by such contract, policy, or plan.

A self-funded health benefit plan for employees of a government entity that satisfies the definition of "Third-Party Payors" shall not be considered a "government entity" and therefore is a member of the Class.

## BENEFITS OF THE PROPOSED SETTLEMENT — WHAT YOU GET

### 7.  What Does The Proposed Settlement Provide?

The Proposed Settlement does not provide cash payments to Class Members. Rather, the Defendants will make donations of pharmaceutical products.

Specifically:

- Warner Chilcott will donate one or more branded hormonal contraceptive products (e.g., Loestrin 24, Femcon Fe, etc.) with a retail value of One Million Five Hundred Thousand Dollars ($1,500,000). Warner Chilcott will choose the products to be distributed. The products will be distributed throughout the United States within a three-year period to begin on the Settlement's Effective Date. Each of the products to be donated will be valued at their average retail price, as determined by an independent third-party data source. Warner Chilcott will pay all costs associated with the donation of these products. Warner Chilcott will also provide certification to Lead Counsel of its compliance with this provision on the one, two, and three-year anniversaries of the Settlement's Effective Date. The certification will set forth the value of the products donated each year.

- Barr will donate one or more branded hormonal contraceptive products (e.g., Seasonique, Mircette, etc.) with a retail value of One Million Five Hundred Thousand Dollars ($1,500,000). Barr will choose the products to be distributed. The products will be distributed throughout the United States within a three-year period to begin on the Settlement's Effective Date. Each of the products to be donated will be valued at their average retail price, as determined by an independent third-party data source. Barr will pay all costs associated with the donation of these products. Barr will also provide certification to Lead Counsel of its compliance with this provision on the one, two, and three-year anniversaries of the Settlement's Effective Date. The certification will set forth the value of the products donated each year.

All of the donated products will be given to:
- Doctors that do not already get samples of these products who, according to IMS data, prescribe combined hormonal contraceptives;
- University health centers or clinics; or
- Charitable organizations that provide reproductive healthcare services to women.

## REMAINING IN THE CLASS

### 8.  What Happens If I Do Nothing And Stay In The Class?

If you do nothing, you will be included in the Class. You will be bound by the terms and conditions of the proposed Settlement. You will not be able to pursue any other lawsuit against Warner Chilcott or Barr about or related in any way to the claims alleged in this lawsuit. If the proposed Settlement is approved, your claims against Warner Chilcott or Barr will be completely "released." This means that you cannot sue Warner Chilcott or Barr for money damages or other relief based on the claims in this lawsuit.

The proposed Settlement provides that the claims against Warner Chilcott or Barr will be released and members of the Class will never be able to file a lawsuit for any claim related to this lawsuit. All Class Members agree that they will not seek to file a claim against any Warner Chilcott or Barr Releasee based, in whole or in part, on any of the Released Class Claims.

The Settlement Agreement contains the complete Release. You can get a copy of the Settlement Agreement on the website at www.completeclaimsolutions.com/ovcon35/ or by calling the Settlement Administrator at 1-888-952-9092.

### 9. What Entities Am I Releasing?

The Released Entities are:

- Warner Chilcott and Barr and each and all of their respective past, present or future parent companies, subsidiaries, divisions, affiliates, predecessors, successors, insurers, and reinsurers; and
- Each of the preceding entities' past, present and future officers, directors, shareholders, partners, agents, employees, attorneys, representatives, heirs, executors, personal representatives, administrators and assigns.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT CLASS

### 10. What Do I Do If I Don't Want To Be In The Proposed Settlement?

If you are a TPP and you don't want to be in the Class and you want to keep the right to sue Warner Chilcott and Barr regarding your reimbursement of Ovcon 35 on your own, you must take steps to get out of the Class. This is called excluding yourself. By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against Warner Chilcott and Barr about the claims in this lawsuit. If you exclude yourself from the Class, you will not be in the proposed Settlement.

### 11. How Do I Exclude Myself From The Class?

If you wish to be excluded from the Class, you can send a letter signed by you that includes all of the following:

- The name, address, telephone number and fax number of the TPP;
- The name and case number of the lawsuit: *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd.*, No. 1:05-CV-02327 (CKK);
- The tax identification number of the TPP;
- The number of insured persons/members covered by the TPP for the year 2006;
- A statement that the individual signing the letter is authorized to act on behalf of the TPP;
- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*
- The Notice of Exclusion shall include a certification containing substantially the following language: "The undersigned hereby represents that he/she has authority to sign and submit this Notice of Exclusion on behalf of the above-named Third-Party Payor. The undersigned understands that by submitting this Notice of Exclusion, the Third-Party Payor identified above will not be entitled to receive any benefits of the Settlement described more fully in the Notice. By signing below, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746."

If a TPP seeks to act on behalf of other TPPs for which it administers pharmaceutical benefits, the exclusion letter must also include the tax identification numbers for each entity seeking to be excluded. It must also include a statement that the individual signing the letter has the authority to act on behalf of such entity either expressly or by contract.

An exclusion letter must be mailed so that it is received by the Ovcon Settlement Administrator no later than **August 27, 2007.** The address of the Ovcon Settlement Administrator is:

Ovcon Settlement Administrator<br>
c/o Complete Claim Solutions, LLC<br>
P.O. Box 24757<br>
West Palm Beach, FL 33416

Please remember that you can't exclude yourself by phone or by sending an e-mail.

## COMMENTING ON THE PROPOSED SETTLEMENT

### 12. Can I Object To Or Comment On The Proposed Settlement?

If you have comments about, or disagree with, any aspect of the proposed Settlement, including the requested attorneys' fees, expense reimbursement or incentive fees, you may express your views to the Court through a written response to the proposed Settlement. The written response should include your name, address, telephone number and a brief explanation of your reasons for objection. **The response also needs to include the case number: 1:05-CV-02327 (CKK).**

The document **must** be **signed** to ensure the Court's review. **The response must be sent so that it is received by each of the following no later than August 27, 2007:**

| | |
|---|---|
| Clerk of Court<br>United States District Court<br>  for the District of Columbia<br>333 Constitution Avenue, N.W.<br>Washington, DC 20001<br>***District Court*** | Kevin B. Love, Esq.<br>Hanzman, Criden & Love, P.A.<br>7301 Southwest 57th Court<br>Suite 515<br>South Miami, FL 33143<br>***Lead Counsel for the Class*** |
| Peter C. Thomas, Esq.<br>Simpson Thacher & Bartlett, LLP<br>North Building<br>601 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>***Counsel for Defendant Warner Chilcott*** | Mark L. Kovner, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>***Counsel for Defendant Barr*** |

### 13. What Is The Difference Between Objecting To The Proposed Settlement And Excluding Myself From The Proposed Settlement?

An objection to the proposed Settlement is made when you wish to remain a Class Member and be subject to the proposed Settlement, but disagree with some aspect of the proposed Settlement. An objection allows your views to be heard in Court. In contrast, exclusion means that you are no longer a Class Member and ultimately do not want to be subject to the proposed Settlement's terms and conditions. Once excluded, you lose any right to object to the proposed Settlement, the request for attorneys' fees, costs, and incentive fee, etc., because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 14. Do I Have A Lawyer Representing My Interests In This Case?

Yes. The Court has appointed the following law firm to represent you and other Class Members:

Hanzman, Criden & Love, P.A.
7301 Southwest 57th Court
Suite 515
South Miami, Florida 33143

These lawyers are called Lead Counsel. You won't be charged personally for these lawyers' services, but they will ask the Court for a fee and cost award.

### 15. How Will The Lawyers Be Compensated?

The Court has appointed Lead Counsel and their co-counsel to represent everyone in the Class. Pursuant to the proposed Settlement, Warner Chilcott and Barr have agreed to each pay $550,000 to reimburse Lead Counsel and the other law firms working on this case their reasonable attorneys' fees and costs. Any award of fees and costs must be approved by the Court.

You may hire your own attorney, if you wish. However, you will be responsible for their attorney's fees and expenses.

In addition to paying reasonable attorneys' fees and costs, each Defendant will pay $50,000 to pay for notice and administrative costs associated with the proposed Settlement. Lead Counsel will also ask the Court to award each Class Representative $12,500 for prosecuting this action for the benefit of the Class. If approved, this amount will be paid by Defendants out of the money set aside for notice and administrative costs.

### 16. Should I Get My Own Lawyer?

You don't need to hire your own lawyer, but if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance *(see* Question 19 to find out how to submit a Notice of Appearance). If you hire a lawyer to appear for you in the lawsuit, you will have to make your own arrangement for that lawyer's compensation.

## THE COURT'S FAIRNESS HEARING

**17. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?**

The Court will hold a Fairness Hearing on November 6, 2007 at 3:30 p.m. to consider whether the proposed Settlement is fair, reasonable, and adequate. At the Fairness Hearing, the Court will decide whether to approve the proposed Settlement, the motion for attorneys' fees and expenses and the request for incentive fees. If comments or objections have been received, the Court will consider them at this time.

Note: The Hearing may be postponed to a different date without additional notice. Updated information will be posted at www.completeclaimsolutions.com/ovcon35/.

**18. Must I Attend The Fairness Hearing?**

Attendance is not required, even if you properly mailed a written response. If you or your personal attorney still want to attend the Fairness Hearing, you may at your own expense. However, it is not necessary that either of you attend. As long as the objection was received before the deadline, it will be considered by the Court.

**19. May I Speak At The Fairness Hearing?**

You may speak at the Fairness Hearing or hire your own lawyer to speak on your behalf. If you want your own lawyer instead of Lead Counsel to speak at the Fairness Hearing, you must file with the Court a document called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. You cannot speak at the Hearing if you asked to be excluded from the proposed Settlement Class.

The Notice of Appearance must be sent to the Court so that it is received by the Court **no later than August 27, 2007** at the following address:

> Clerk of Court
> United States District Court for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, DC  20001

The Notice of Appearance must also be sent to Lead Counsel and Counsel for the Defendants at the addresses listed above in Question 12 so that is received no later than **August 27, 2007.**

## GETTING MORE INFORMATION

**20. Where Do I Obtain More Information?**

More details are in the Settlement Agreement and the other legal documents that have been filed with the Court in this lawsuit. You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, DC 20001. These documents will also be available for download at www.completeclaimsolutions.com/ovcon35/.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit www.completeclaimsolutions.com/ovcon35/
- Call Toll-Free 1-888-952-9092 (hearing impaired call 1-561-253-7732)
- Write to:   Ovcon Settlement Administrator
    c/o Complete Claim Solutions, LLC
    P.O. Box 24757
    West Palm Beach, FL  33416

Dated: June 27, 2007                                                                                           BY ORDER OF THE COURT

Ovcon Settlement Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24757
West Palm Beach, FL  33416

# IMPORTANT COURT DOCUMENTS

# Attention – President/CEO, Fund Administrator or Legal Department

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC. and UNITED FOOD AND
COMMERCIAL WORKERS CENTRAL PENNSYLVANIA
HEALTH AND WELFARE FUND, on behalf of themselves
and all others similarly situated,
                  Plaintiffs,

v.

WARNER CHILCOTT HOLDINGS COMPANY III, LTD.,
WARNER CHILCOTT CORP., WARNER CHILCOTT (US) INC.,
WARNER CHILCOTT COMPANY, INC. and
BARR PHARMACEUTICALS, INC.,
                  Defendants.

05 Civ. 2327 (CKK)

## SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

A proposed class action settlement has been reached in this action on behalf of Third-Party Payors against certain manufacturers of Ovcon 35. In their Complaint, Plaintiffs allege that Defendants Warner Chilcott and Barr Pharmaceuticals entered into an agreement not to compete in the sale of Ovcon 35, and that as a result, Class Members paid more for Ovcon 35 and its generic equivalents. Defendants deny Plaintiffs' allegations and have asserted numerous defenses.

This Summary Notice is given pursuant to an Order of the United States District Court for the District of Columbia to inform Class Members that the following proposed settlement has been reached with Defendants: In exchange for the release of claims by Class Members, Defendants Warner Chilcott and Barr will each make a product donation of $1.5 million (for a total of $3 million worth of product) to be distributed to various charitable institutions and entities as further outlined in the Settlement Agreement.

The Class includes:

> All Third-Party Payors in the United States who purchased, reimbursed, and/or paid for Ovcon 35 at any time from April 22, 2004 through June 27, 2007. Excluded from the Class are Defendants, their parents, employees, subsidiaries and affiliates, and all governmental entities.

A Fairness Hearing will be held on November 6, 2007 at 3:30 p.m., before the Honorable Colleen Kollar-Kotelly, in Courtroom 28A, of the United States District Courthouse at 333 Constitution Avenue, N.W., Washington, DC 20001, to determine whether the proposed settlement is fair, adequate, and reasonable, and whether, therefore, this litigation should be dismissed with prejudice against the Defendants.

At the hearing, Class Counsel will also request an award of attorneys' fees and costs. Warner Chilcott and Barr have agreed to pay $1.1 million ($550,000 each) to Class Counsel as a reasonable attorneys' fee and for reimbursement of costs. Warner Chilcott and Barr will also pay $100,000 ($50,000 each) for costs associated with providing notice to the Class and settlement administration. Class Counsel will also request that each Class Representative be awarded an amount not to exceed $12,500 for prosecuting this action. The Court will decide these motions at the Fairness Hearing.

You do not need to do anything to remain in the Class. If you wish to exclude yourself, you must do so no later than August 27, 2007. If you wish to stay within the Class and comment or object to the settlement or Class Counsel's request for attorneys' fees, expenses and incentive benefits, you must file a written objection no later than August 27, 2007. Instructions on how to exclude yourself from the Class or to object can be found in the Direct Notice. The Direct Notice also contains a more detailed description of this litigation and the proposed settlement. The Direct Notice has been mailed to identifiable Class Members. If you are a Class Member and have not received the Direct Notice, you may obtain a copy free of charge by writing to: Ovcon Settlement Administrator, c/o Complete Claim Solutions, LLC, P.O. Box 24757, West Palm Beach, FL 33416. You may also call the Settlement Administrator Toll-Free at 1-888-952-9092. The Direct Notice, the Settlement Agreement and other important documents are also posted at www.CompleteClaimSolutions.com/Ovcon35/. Questions other than requesting a Direct Notice should be directed to: Kevin Love, Esq., Hanzman, Criden & Love, P.A., 7301 S.W. 57th Court, Suite 515, South Miami, FL 33143 (305-357-9000).

**PLEASE DO NOT TELEPHONE OR ADDRESS INQUIRIES TO THE COURT.**

Dated: June 27, 2007                                       **BY ORDER OF THE COURT**

# EXHIBIT 3

Exclusion List                                                                                          09/17/2007 12:22 PM
PROJECT: Ovcon35 - Database: ovcn                                                                       Page 1 of 2
Report Criteria:  None - Filter Exp = exclusions_excl_idno <> 50 and  exclusions_excl_idno <> 52        Report ID :EXC14000

| EXCL ID | TAX ID | FULL NAME | CITY | ST |
|---|---|---|---|---|
| 1 | 38-2786141 | GLOBAL TECHNOLOGY ASSOCIATES LTD | DEARBORN | MI |
| 2 | 48-0908689 | RAGE INC | WICHITA | KS |
| 3 | 52-0972610 | DM BOWMAN INC | WILLIAMSPORT | MD |
| 4 | 37-0915434 | RLI CORP | PEORIA | IL |
| 5 | 11-3153422 | NEW YORK STATE CATHOLIC HLTH PLAN | REGO PARK | NY |
| 6 | 13-3357852 | CENTERCARE INC | REGO PARK | NY |
| 7 | 36-2141703 | THE PIPE FITTERS WELFARE FUND | CHICAGO | IL |
| 8 | 44-0272180 | HALLMARK CARDS INC | KANSAS CITY | MO |
| 9 | 39-1263473 | HUMANA INC | WHITE PLAINS | NY |
| 10 | 39-1545987 | HEALTH TRADITION HEALTH PLAN | LA CROSSE | WI |
| 11 | | WALGREEN | MIAMI | FL |
| 12 | | ECKERD CORPORATION | MIAMI | FL |
| 13 | | MAXI DRUG INC DBA BROOKS PHARMACY | MIAMI | FL |
| 14 | | THE KROGER CO | MIAMI | FL |
| 15 | | ALBERTSON'S | MIAMI | FL |
| 16 | | SAFEWAY INC | MIAMI | FL |
| 17 | | HY VEE INC | MIAMI | FL |
| 18 | 16-1574525 | ENERGY EAST MANAGEMENT CORPORATION | ROCHESTER | NY |
| 19 | 51-0023450 | HERCULES INCORPORATED | WILMINGTON | DE |
| 20 | 56-0894904 | BCBS OF NORTH CAROLINA | DURHAM | NC |
| 21 | 56-1492069 | PARTNERS NATIONAL HEALTH PLANS OF NC | DURHAM | NC |
| 22 | 74-6000098 | ERS OF TEXAS | AUSTIN | TX |
| 23 | 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 | BCBS ALABAMA | BIRMINGHAM | AL |
| 24 | 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 | TRAILBLAZER HEALTH ENTERPRISES LLC | DALLAS | TX |
| 25 | 36-2154936 | CENTRAL STATES SE & SW AREAS | DES PLAINES | IL |
| 26 | | RITE AID CORPORATION | HARRISBURG | PA |
| 27 | 74-1563240 | SOUTHWEST AIRLINES CO | DALLAS | TX |
| 28 | 52-1328557 | THE NATIONAL CENTER FOR MISSING | ALEXANDRIA | VA |
| 29 | 63-0103830 | BCBS ALABAMA FOR ITSELF & | BIRMINGHAM | AL |
| 30 | 38-2069753 | BCBS MICHIGAN INCLUDING ITS WHOLLY OWNED | BIRMINGHAM | AL |
| 31 | | CAREMARK LLC | HARRISBURG | PA |
| 32 | 93-1179316 | THE REGENCE GROUP | PORTLAND | OR |
| 33 | 23-2414041 | QVC INC FKA QVC NETWORK INC | WEST CHESTER | PA |
| 34 | 36-1236610 | HEALTH CARE SERVICE CORPORATION | RICHARDSON | TX |
| 35 | 93-0756509 | INTL ASSOC OF MACHINISTS NW WLFR FUND | PORTLAND | OR |
| 36 | 32-2145715 | WELLPOINT | MILWAUKEE | WI |
| 37 | 39-0658730 | ASSURANT HEALTH | LOUISVILLE | KY |
| 38 | 59-2742907 | AVMED | LOUISVILLE | KY |
| 39 | 62-0427913 | BCBS TENNESSEE | LOUISVILLE | KY |
| 40 | 52-2069215 | CAREFIRST BCBS | LOUISVILLE | KY |
| 41 | 13-5511997 | GROUP HEALTH INC | LOUISVILLE | KY |
| 42 | 13-1828429 | HIP HEALTH PLAN OF NEW YORK | LOUISVILLE | KY |
| 43 | 38-3085182 | PRIORITY HEALTH | LOUISVILLE | KY |
| 44 | 38-2663747 | CARE CHOICES | LOUISVILLE | KY |
| 45 | 84-0467907 | GREAT-WEST LIFE & ANNUITY INS CO | LOUISVILLE | KY |

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Complete Claim Solutions.

Case 1:05-cv-02327-CKK   Document 101-4   Filed 10/23/2007   Page 19 of 19

| EXCL ID | TAX ID | FULL NAME | CITY | ST |
|---|---|---|---|---|
| 46 | 71-0747497 | HMO PARTNERS DBA HEALTH ADVANTAGE | LITTLE ROCK | AR |
| 47 | 71-0226428 | ARKANSAS BCBS | LITTLE ROCK | AR |
| 48 | 71-0505232 | USABLE LIFE | LITTLE ROCK | AR |
| 49 | 59-3650609 | ST VINCENT'S HEALTH SYSTEM | JACKSONVILLE | FL |
| 51 | 06-6033492 | AETNA INC | BLUE BELL | PA |

TOTAL NUMBER OF EXCLUSIONS: 50

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Complete Claim Solutions.