IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC. and UNITED
FOOD AND COMMERCIAL WORKERS
CENTRAL PENNSYLVANIA HEALTH
AND WELFARE FUND, on behalf of themselves
and all others similarly situated,

05 Civ. 2327 (CKK)

Plaintiffs,

v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORP.,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC. and BARR
PHARMACEUTICALS, INC.,

Defendants.
_____/

**AFFIDAVIT OF KEVIN B. LOVE IN SUPPORT
OF MOTION FOR ATTORNEYS' FEES AND COSTS**

STATE OF FLORIDA         )
                         )ss.
COUNTY OF MIAMI-DADE     )

I, Kevin B. Love, being duly sworn on oath, deposes and states:

1. I am a partner in the law firm of Hanzman, Criden & Love, P.A., counsel for Plaintiff Vista Healthplan, Inc., in the above-styled action ("Action"). I am submitting this Affidavit in support of the motion for an award of attorneys' fees and reimbursement of expenses provided in connection with the services rendered to Plaintiffs and the Class by my Firm in the course of this litigation.

2. I am an attorney in good standing and duly licensed and admitted to the Bars of Florida, Georgia and various federal courts. The testimony set forth in this Affidavit is based on first-hand knowledge, about which I could and would testify competently in open court if called upon to do so.

3. As Lead Counsel for the Plaintiffs and the Class, my Firm performed services on this matter as follows: (1) researched and investigated the case; (2) drafting the initial Complaint and other pleadings; (3) briefed the opposition to the motion to dismiss; (4) responded to an order to show cause; (5) briefed the motion for class certification; (6) supervised and participated in all aspects of discovery; and (7) negotiated the Settlement. All of the services performed by my Firm were reasonably necessary in the prosecution of the Action. There has been no unnecessary duplication of services for which my Firm now seeks compensation.

4. Our Firm's compensation for the services rendered were wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by this Court.

5. During the period from the inception of the Action through October 16, 2007, my Firm performed 1,700.75 hours of work in connection with the prosecution of the Action. Based upon our current hourly rates ordinarily charged to my Firm's clients, the lodestar value of my Firm's time is $745,800.00. Attached as Exhibit "1" is a detailed summary indicating the amount of time spent by each attorney of my Firm who worked on this litigation and the lodestar calculation based on my Firm's current billing rates. The schedule was prepared from computerized records that were contemporaneously generated and kept by my Firm in the ordinary course of its business. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this lodestar. Detailed itemization of the services rendered during the period for which fees are sought are available for the Court's review upon request.

6. During the period from the inception of the Action through October 16, 2007, my Firm incurred expenses in the sum of $80,712.16. These expenses were reasonably and necessarily incurred in connection with the prosecution of the Action. The expenses incurred are reflected on the books and records of my Firm. Attached as Exhibit "2" is my Firm's summary of expenses in connection with the prosecution of this litigation. None of these expenses have been reimbursed to date.

7. Thus, for this litigation, the total lodestar of my Firm is $745,800.00 and we incurred expenses of $80,712.16.

8. A review of the affidavits submitted by the other Plaintiff firms in this case shows that Class Counsel collectively spent 4,575.40 hours prosecuting this Action for a lodestar of $1,550,110, and incurred $225,350.43 in total expenses.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 23 day of October, 2007.

_____
KEVIN B. LOVE

The foregoing instrument was acknowledged before me this 23rd day of October, 2007, by Kevin B. Love, who is personally known to me ✓ or who has produced _____ as identification.

DATED this 23rd day of October, 2007.

_____
Madeline T. Llanez
Print or Stamp Name
Notary Public, State of _____
Commission No.
My Commission Expires:

MADELINE T. LLANEZ
MY COMMISSION # DD 627576
EXPIRES: February 24, 2011
Bonded Thru Budget Notary Services

L:\103\SETTLEMENT\HCL affidavit fees and expenses.wpd

**EXHIBIT "1"**
**IN RE: OVCON TPP LITIGATION (05-2327)**
**HANZMAN CRIDEN & LOVE, P.A.**
**INCEPTION THRU OCTOBER 16, 2007**

| Name | Total Hrs. | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **ATTORNYES** | | | |
| | | | |
| CRIDEN, MICHAEL E. (P) | 84.75 | $550.00 | $46,612.50 |
| LOVE, KEVIN B. (P) | 926.50 | $550.00 | $509,575.00 |
| MIGDAL, JOSHUA A. (A) | 689.50 | $275.00 | $189,612.50 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| | | | |
| **TOTAL LODESTAR** | **1,700.75** | | **$745,800.00** |

**EXHIBIT "2"**
**IN RE: OVCON TPP LITIGATION (05-2327)**
**HANZMAN CRIDEN & LOVE, P.A.**
**SUMMARY OF EXPENSES**
**REPORTING PERIOD: INCEPTION THRU OCTOBER 16, 2007**

| Expenses | | Cumulative |
|---|---|---:|
| Assessment Payment | $ | 3,929.39 |
| Commercial Copies | $ | 5,763.60 |
| Internal Reproduction/Copies | $ | 8,886.50 |
| Court Fees | $ | - |
| Court Reporters/Transcripts | $ | 5,565.90 |
| Computer Data Research | $ | 7,930.74 |
| Computer Research | $ | 7,763.27 |
| Telephone/Fax | $ | 2,092.14 |
| Postage/Express Delivery/Messenger | $ | 2,557.20 |
| Professional Fees (Experts, Investigators) | $ | 18,458.09 |
| Witness/Service Fees | $ | - |
| Travel/Meals/Parking | $ | 17,740.33 |
| Miscellaneous: Tips | $ | 25.00 |
| **TOTAL EXPENSES** | **$** | **80,712.16** |