## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC. and UNITED
FOOD AND COMMERCIAL WORKERS
CENTRAL PENNSYLVANIA HEALTH
AND WELFARE FUND, on behalf of themselves         05 Civ. 2327 (CKK)
and all others similarly situated,

           **Plaintiffs,**

v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORP.,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC. and BARR
PHARMACEUTICALS, INC.,

           **Defendants.**

_____/

### AFFIDAVIT OF JAY B. SHAPIRO IN SUPPORT
### OF MOTION FOR ATTORNEYS' FEES AND COSTS

STATE OF FLORIDA         )
                          )ss.
COUNTY OF MIAMI-DADE   )

    I, Jay B. Shapiro, being duly sworn on oath, deposes and states:

    1.    I am a partner in the law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., counsel for plaintiff VISTA HEALTHPLAN, INC., in the above-styled action ("Action"). I am submitting this Affidavit in support of the motion for an award of attorneys' fees and reimbursement of expenses provided in connection with the services rendered to Plaintiffs and the Class by my Firm in the course of this litigation.

2.    I am an attorney in good standing and duly licensed and admitted to the Bars as follows:

- Florida - 1988 - Florida Bar No. 0776361

- U.S. District Court, Southern District of Florida, 1989

- U.S. District Court, Middle District of Florida, 1990

- U.S. Court of Appeals for the Eleventh Circuit, 1990

- U.S. Court of Appeals for the Federal Circuit, 1995

- U.S. Court of Appeals for the Ninth Circuit, 2001

- United States Supreme Court, 2005

- U.S. Court of Appeals for the District of Columbia, 2005

- U.S. District Court, Northern District of Florida, 2005

- U.S. Court of Appeals for the Eighth Circuit, 2006

The testimony set forth in this Affidavit is based on first-hand knowledge, about which I could and would testify competently in open court if called upon to do so.

3.    As one of the counsel for the Plaintiffs and Class, my Firm performed services on this matter as follows: (1) extensive factual and legal research; (2) extensive analysis of FDA regulations; (3) drafting of pleadings; (4) preparation of discovery requests; (5) numerous telephone conferences and conference calls with lead and co-counsel; (6) extensive review and coding of documents; and (7) preparation for and attendance at depositions.  All of the services performed by my Firm were reasonably necessary in the prosecution of the Action.  There has been no unnecessary duplication of services for which my Firm now seeks compensation.

2

4.     Our Firm's compensation for the services rendered were wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by this Court.

5.     During the period from the inception of the Action through June 13, 2007, my Firm performed 1,540.40 hours of work in connection with the prosecution of the Action. Based upon our current hourly rates ordinarily charged to my Firm's clients, the lodestar value of my Firm's time is $390,236.00. Attached as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney and paralegal of my Firm who worked on this litigation and the lodestar calculation based on my Firm's current billing rates. The schedule was prepared from computerized records that were contemporaneously generated and kept by my Firm in the ordinary course of its business. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this lodestar. Detailed itemization of the services rendered during the period for which fees are sought are available for the Court's review upon request.

6.     During the period from the inception of the Action through June 13, 2007, my Firm incurred expenses in the sum of $57,070.49. These expenses were reasonably and necessarily incurred in connection with the prosecution of the Action. The expenses incurred are reflected on the books and records of my Firm. Attached as Exhibit 2 is my Firm's summary of expenses in connection with the prosecution of this litigation. None of these expenses have been reimbursed to date.

7.     Thus, for this litigation, the total lodestar of my Firm is $390,236.00 and we incurred expenses of $57,070.49.

3

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June, 2007.

**JAY B. SHAPIRO**

The foregoing instrument was acknowledged before me this 21 day of June, 2007, by JAY B. SHAPIRO, who is personally known to me ____ or who has produced _____ as identification.

DATED this 21 day of June, 2007.

Print or Stamp Name
Notary Public, State of _____
Commission No.
My Commission Expires:

> JANET LAGO
> MY COMMISSION # DD 283852
> EXPIRES: January 22, 2008
> Bonded Thru Notary Public Underwriters

G:\W-LIT\36583\004\Affidavit.wpd

4

**EXHIBIT "1"**
**IN RE: OVCON TPP LITIGATION (05-2327)**
**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
**INCEPTION THRU JUNE 13, 2007**

| Name | Total Hrs. | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **ATTORNEYS** | | | |
| J. Shapiro | 197.00 | $500.00 | $98,500.00 |
| G. Greenberg | 273.10 | $250.00 | $68,275.00 |
| A. Schachter | 91.10 | $285.00 | $25,963.50 |
| S. Patmore | 33.70 | $285.00 | $9,604.50 |
| Z. Bower | 352.40 | $245.00 | $86,338.00 |
| L. Littlejohn | 208.80 | $225.00 | $46,980.00 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| A. Murphy | 77.30 | $150.00 | $11,595.00 |
| D. Del Castillo | 307.00 | $140.00 | $42,980.00 |
| **TOTAL LODESTAR** | 1,540.40 | | **$390,236.00** |

**EXHIBIT "2"**
**IN RE: OVCON TPP LITIGATION (05-2327)**
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
**SUMMARY OF EXPENSES**
**REPORTING PERIOD:  INCEPTION THRU JUNE 13, 2007**

| Expenses | Cumulative |
|---|---|
| Assessment Payments for Litigation Fund & Professional Fees (Experts, Investigators) | $    44,982.75 |
| Commercial Copies | $        133.25 |
| Internal Reproduction/Copies | $      1,529.60 |
| Computer Research | $      1,377.21 |
| Telephone/Fax | $        163.31 |
| Postage/Express Delivery/Messenger | $        211.20 |
| Travel/Meals | $      8,673.17 |
| **TOTAL EXPENSES** | $    **57,070.49** |