## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC. and UNITED
FOOD AND COMMERCIAL WORKERS
CENTRAL PENNSYLVANIA HEALTH
AND WELFARE FUND, on behalf of themselves      05 Civ. 2327 (CKK)
and all others similarly situated,

                           **Plaintiffs,**

**v.**

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORP.,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC. and BARR
PHARMACEUTICALS, INC.,

                           **Defendants.**
_____/

### AFFIDAVIT OF WILLIAM E. HOESE ON BEHALF OF
### KOHN, SWIFT & GRAF, P.C.  IN SUPPORT
### OF MOTION FOR ATTORNEYS' FEES AND COSTS

STATE OF PENNSYLVANIA        )
                             )SS.
COUNTY OF PHILADELPHIA       )

I, William E. Hoese, being duly sworn on oath, deposes and states:

1.      I am a shareholder in the law firm of Kohn, Swift & Graf, P.C., counsel

for plaintiff United Food and Commercial Workers Central Pennsylvania Health and

Welfare Fund, in the above-styled action ("Action").  I am submitting this Affidavit in

support of the motion for an award of attorneys' fees and reimbursement of expenses

provided in connection with the services rendered to Plaintiffs and the Class by my Firm

in the course of this litigation.

33454_1

2.      I am an attorney in good standing and duly licensed and admitted to the Bar of the Commonwealth of Pennsylvania.  The testimony set forth in this Affidavit is based on first-hand knowledge, about which I could and would testify competently in open court if called upon to do so.

3.      As one of the counsel for the Plaintiffs and Class, my Firm performed services on this matter as follows:  (1) legal research mainly regarding Motion to Dismiss issues; (2) drafting of a complaint; (3) review, analysis and coding of defendant documents; and (4) participation in the plaintiff and defendant deposition programs.  All of the services performed by my Firm were reasonably necessary in the prosecution of the Action.  There has been no unnecessary duplication of services for which my Firm now seeks compensation.

4.      Our Firm's compensation for the services rendered were wholly contingent.  Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by this Court.

5.      During the period from the inception of the Action through June 12, 2007, my Firm performed 596.3 hours of work in connection with the prosecution of the Action.  Based upon our current hourly rates ordinarily charged to my Firm's clients, the lodestar value of my Firm's time is $189,403.00.  Attached as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney and paralegal of my Firm who worked on this litigation and the lodestar calculation based on my Firm's current billing rates.  The schedule was prepared from computerized records that were contemporaneously generated and kept by my Firm in the ordinary course of its business.  Time expended in preparing this application for fees and reimbursement of expenses has

not been included in this lodestar. Detailed itemization of the services rendered during the period for which fees are sought is available for the Court's review upon request.

6.    During the period from the inception of the Action through June 12, 2007, my Firm incurred expenses in the sum of $28,045.20. These expenses were reasonably and necessarily incurred in connection with the prosecution of the Action. The expenses incurred are reflected on the books and records of my Firm. Attached as Exhibit 2 is my Firm's summary of expenses in connection with the prosecution of this litigation. None of these expenses have been reimbursed to date.

7.    Thus, for this litigation, the total lodestar of my Firm is $189,403.00 and it incurred expenses of $28,045.20.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this **21st** day of June, 2007.

*William E. Hoese*

William E. Hoese

The foregoing instrument was acknowledged before me this **21st** day of June, 2007, by William E. Hoese, who is personally known to me.

DATED this **21st** day of June, 2007.

*Carol M. Musloski*

Print or Stamp Name *CAROL M. MUSLOSKI*
Notary Public, State of *PA*
Commission No.
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CAROL M. MUSLOSKI, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 7, 2009

**EXHIBIT "1"**
**IN RE: OVCON TPP LITIGATION (05-2327)**
**KOHN, SWIFT & GRAF, P.C.**
**INCEPTION THRU JUNE 12, 2007**

| Name | Total Hrs. | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **ATTORNEYS** | | | |
| Joseph C. Kohn | 41.0 | $575 | $23,575.00 |
| William E. Hoese | 130.9 | 475 | 62,177.50 |
| Elkan M. Katz | 13.1 | 325 | 4,257.50 |
| Joshua Snyder | 164.4 | 325 | 53,430.00 |
| Kate Reznick | 25.5 | 300 | 7,650.00 |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Grayson Papa | 210.6 | 175 | 36,855.00 |
| Joanna Pernick | 10.8 | 135 | 1,458.00 |
| **TOTAL LODESTAR** | **596.3** | | **$189,403.00** |

33485_1

**EXHBIT "2"**
**IN RE:  OVCON TPP LITIGATION (05-2327)**
**KOHN, SWIFT & GRAF, P.C.**
**SUMMARY OF EXPENSES**
**REPORTING PERIOD:  INCEPTION THRU JUNE 12, 2007**

| **Expenses** | **Cumulative** |
|---|---|
| Assessment Payment | $24,000.00 |
| Commercial Copies | $    141.84 |
| Internal Reproduction/Copies | $    314.80 |
| Computer Research | $  1,164.90 |
| Telephone/Fax | $      55.86 |
| Postage/Express Delivery/Messenger | $      82.01 |
| Travel/Meals | $  2,285.79 |
| | |
| **TOTAL EXPENSES** | **$28,045.20** |

33458_1