IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VISTA HEALTHPLAN, INC. and UNITED
FOOD AND COMMERCIAL WORKERS
CENTRAL PENNSYLVANIA HEALTH
AND WELFARE FUND, on behalf of themselves                05 Civ. 2327 (CKK)
and all others similarly situated,

                        **Plaintiffs,**

v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORP.,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC. and BARR
PHARMACEUTICALS, INC.,

                        **Defendants.**
_____/

### AFFIDAVIT OF ERIC L. YOUNG IN SUPPORT
### OF MOTION FOR ATTORNEYS' FEES AND COSTS

COMMONWEALTH OF PENNSYLVANIA    )
                                                        )ss.
COUNTY OF MONTGOMERY                )

    I, Eric L. Young, Esquire, being duly sworn on oath, deposes and states:

    1.    I am a partner in the law firm of Kenney Egan McCafferty & Young ("Firm"), counsel for plaintiff United Food and Commercial Workers Central Pennsylvania Health and Welfare Fund ("UFCW Fund"), in the above-styled action ("Action"). I am submitting this Affidavit in support of the motion for an award of attorneys' fees and reimbursement of expenses provided in connection with the services rendered to Plaintiffs and the Class by my Firm in the course of this litigation.

2. I am an attorney in good standing and duly licensed and admitted to the Bar of the Commonwealth of Pennsylvania. The testimony set forth in this Affidavit is based on first-hand knowledge, about which I could and would testify competently in open court if called upon to do so.

3. As one of the counsel for the Plaintiffs and Class, my Firm performed services on this matter as follows: (1) factual and legal research; (2) drafting of pleadings; (3) preparing for and participating in depositions; and (4) communicating with the UFCW Fund on decisions about the litigation and strategy regarding the same. All of the services performed by my Firm were reasonably necessary in the prosecution of the Action. There has been no unnecessary duplication of services for which my Firm now seeks compensation.

4. Our Firm's compensation for the services rendered were wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by this Court.

5. During the period from the inception of the Action through June 12, 2007, my Firm performed 33.40 hours of work in connection with the prosecution of the Action. Based upon our current hourly rates ordinarily charged to my Firm's clients, the lodestar value of my Firm's time is $13,360.00. Attached as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney and paralegal of my Firm who worked on this litigation and the lodestar calculation based on my Firm's current billing rates. The schedule was prepared from computerized records that were contemporaneously generated and kept by my Firm in the ordinary course of its business. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this lodestar. Detailed itemization of the services rendered during the period for which fees are sought are available for the Court's review upon request.

6. During the period from the inception of the Action through June 12, 2007, my Firm incurred expenses in the sum of $234.70. These expenses were reasonably and necessarily incurred

in connection with the prosecution of the Action. The expenses incurred are reflected on the books and records of my Firm. Attached hereto as Exhibit 2 is my Firm's summary of expenses in connection with the prosecution of this litigation. None of these expenses have been reimbursed to date.

7.  Thus, for this litigation, the total lodestar of my Firm is $13,360.00, and we incurred expenses of $234.70.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 27 day of June, 2007.

ERIC L. YOUNG

The foregoing instrument was acknowledged before me this 27 day of June, 2007, by Eric L. Young, who is personally known to me   X   or who has produced _____ as identification.

DATED this 27 day of June, 2007.

Frances M. Subbio
Print or Stamp Name
Notary Public, State of   PA
Commission No.
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
FRANCES M. SUBBIO, NOTARY PUBLIC
PLYMOUTH TWP., MONTGOMERY COUNTY
MY COMMISSION EXPIRES AUG. 9, 2009

**EXHIBIT "1"**
**IN RE: OVCON TPP LITIGATION (05-2327)**
**KENNEY EGAN McCAFFERTY & YOUNG**
**INCEPTION THRU JUNE 12, 2007**

| Name | Total Hrs. | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **ATTORNEYS** | | | |
| Eric L. Young | 33.40 | $400.00 | $13,360.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| | | | |
| | | | |
| **TOTAL LODESTAR** | | | $13,360.00 |

EXHIBIT "2"
IN RE: OVCON TPP LITIGATION (05-2327)
KENNEY EGAN McCAFFERTY & YOUNG
SUMMARY OF EXPENSES
REPORTING PERIOD: INCEPTION THRU JUNE 13, 2007

| Expenses | Cumulative |
|---|---|
| Assessment Payment | $ - |
| Commercial Copies | $ - |
| Internal Reproduction/Copies | $ 82.75 |
| Court Fees | $ - |
| Court Reporters/Transcripts | $ - |
| Computer Research | $ |
| Telephone/Fax | $ |
| Postage/Express Delivery/Messenger | $ 90.07 |
| Professional Fees (Experts, Investigators) | $ - |
| Witness/Service Fees | $ - |
| Travel/Meals | $ 61.88 |
| Miscellaneous | $ - |
| **TOTAL EXPENSES** | **$ 234.70** |